# 𝔖taunton

GILBERT ORNDORFF v. VERNARD F. BOND.

September 11, 1946.

Record No. 3077.

Present, All the Justices.

The opinion states the case.

*Samuel B. Brown* and *Woodrow Faulkner*, for the plaintiff in error.

*Frank L. Ball* and *Clarence R. Ahalt*, for the defendant in error.

Gregory, J., delivered the opinion of the court.

On December 2, 1943, in the county of Arlington, Vernard F. Bond procured a criminal warrant against Gilbert Orndorff for obtaining money under false pretenses in the amount of $22.56. Thereafter it was called for trial and dismissed. Subsequently Orndorff instituted a suit for malicious prosecution against Bond, and in that trial the jury rendered a verdict in favor of the plaintiff for the sum of $2,000. Subsequently the court, upon the motion of the defendant, set the verdict aside and entered final judgment in favor of the defendant.

The facts are not substantially in dispute. Orndorff, who will be referred to as the plaintiff, was a bus driver in Alexandria. He owned an automobile and had been involved in a collision in which his car had been damaged. His insurance carrier settled the damages for $22.56, and gave him a check for that amount. This check was made payable not only to the plaintiff but also to the Aero Auto Company. This company was mistakenly made one of the payees on the check because it had filed a bid with the insurance carrier to furnish the repair work on the automobile, but this bid had not been accepted and its name as a payee in the check had been erroneously placed there.

The plaintiff had previously purchased five gallons of gasoline on credit from a filling station operated by the defendant. A few days later he went to the attendant at the defendant's filling station and offered to pay for the gasoline. He tendered the check, endorsed by him, and the attendant accepted it and gave the plaintiff the difference in cash. Subsequently the check was returned by the bank on which it was drawn, with the notation that it had been improperly endorsed. Thereupon, the defendant called the plaintiff on the telephone and advised him that the check had been returned and requested that he make it good. The plaintiff went to the filling station and from there called the defendant on the telephone and told him that if he, the defendant, would return the check the plaintiff would have the insurance company write a new check payable to him alone and he would endorse it over to the

defendant. The defendant refused this request and stated "that it was plaintiff's lookout and he wanted his money and was going to teach the plaintiff a lesson".

Later the defendant had an interview with the substitute trial justice of Arlington county and requested a warrant charging the plaintiff with obtaining money under false pretenses, and as a result thereof the plaintiff was arrested by the police and confined in jail overnight. The next day he was released on bond for his appearance in court on December 3, 1943. On that date he requested a continuance until December 8, 1943, in order that his attorney might prepare his defense. On the latter date, when the case was called for hearing, it was dismissed.

The assistant Commonwealth's attorney had been consulted by the defendant prior to his procuring the warrant. According to the testimony of the plaintiff, the defendant failed to disclose all of the material and essential facts to the assistant Commonwealth's attorney. This officer, on the facts as disclosed to him, advised the defendant that in his opinion the plaintiff had been guilty of obtaining money under false pretenses.

The single assignment of error is that the trial court erred in setting aside the verdict of the jury and entering final judgment for the defendant. No error is assigned to the granting or refusing of any instructions.

The grounds for the motion to set aside the verdict urged in the lower court were that the plaintiff had failed to show malice on the part of the defendant in issuing the warrant; that the plaintiff had failed to show want of probable cause in the issuance of the warrant, and that the evidence shows the advice of the assistant Commonwealth's attorney was not made upon a full and fair statement of the facts, and, if a full and fair statement of the facts had been made to that officer, he would not have advised issuing a warrant against the plaintiff for obtaining money under false pretenses.

Some time later another ground for setting aside the verdict was filed. That ground was that no suit for malicious prosecution could be maintained because the prosecution on

the warrant had been terminated by the entrance of a *nolle prosequi* by the Commonwealth's attorney and that the said proceedings had been terminated by a compromise agreement assented to by the plaintiff and entered into by his attorney in his behalf.

This last ground of the motion is attacked for the alleged reason that it was not relied upon in the trial of the case, and was urged for the first time in the trial court as a supplemental ground of the motion to set aside the verdict.

It is not necessary in this case for us to search the record for evidence of malice on the part of the defendant in causing the plaintiff to be arrested, or for want of probable cause for his arrest. We need not stop to consider whether the evidence shows or fails to show that the defendant made a full and complete disclosure to the assistant Commonwealth's attorney of all of the essential facts, preliminary to the advice of that attorney to the effect that the plaintiff was guilty of obtaining money under false pretenses in connection with the check. For the purpose of our present decision and no other, those elements may be assumed to have been established by the plaintiff, yet our conclusion is that no recovery can be sustained, for the reason that the record discloses, without contradiction, that the plaintiff settled and compromised the criminal warrant upon the advice of his own attorney, with the agreement of the Commonwealth's attorney and the approval of the court which dismissed the warrant.

That misdemeanors of this kind may be compromised and settled by the parties, with the concurrence of the court, has been placed beyond doubt. See Code, sec. 4849 (Michie) 1942, and Code, 1887, sec. 3973. This statute was construed in *Glidewell* v. *Murray-Lacy & Co.*, 124 Va. 563, at page 573, 98 S. E. 665, 4 A. L. R. 225. In that case this court decided that such a compromise does not fall within the condemnation of Code, sec. 4513 (Michie) 1942 (sec. 3760 of the Code of 1887), against concealing or compounding offenses, but rather within the spirit, if not within the. terms, of sec. 4849 of the Code of 1942, authorizing a

private adjustment between the parties immediately concerned in misdemeanors for which there is a remedy by civil action. The section last cited, in part, provides:

"When a person is in jail or under a recognizance to answer a charge of assault and battery or other misdemeanor, or has been indicted for an assault and battery, or other misdemeanor, for which there is a remedy by civil action, * * * if the party injured appear before the judge or justice, who made the commitment, or took the recognizance, or before the court in which the indictment is pending, and acknowledge in writing that he has received satisfaction for the injury, such judge, justice, or court may, in his or its discretion, by an order, supersede the commitment, discharge the recognizance, or dismiss the prosecution, upon payment by the defendant of costs accrued to the Commonwealth, or any of its officers."

The fact that the formalities of the foregoing statute were not strictly followed will not prevent its application where it appears that the aggrieved party received satisfaction, appeared before the justice, and the warrant was dismissed. He would be in no position to complain that the letter of the statute had not been followed. *Glidewell* v. *Murray-Lacy & Co.*, 124 Va. 563, at pages 573, 574, 98 S. E. 665, 4 A. L. R. 225. All misdemeanors for which there is a civil remedy are embraced within this statute.

In that case, at page 574, this clear and unqualified language is used: "A voluntary compromise of a civil prosecution by the procurement or with the consent of the accused in itself defeats a recovery in a subsequent action for malicious prosecution based upon the criminal proceeding. *Russell* v. *Morgan*, 24 R. I. 134, 52 A. 809, 811; *Langford* v. *Boston, etc., R. Co.*, 144 Mass. 431, 11 N. E. 697, 699."

While the action in *Glidewell* v. *Murray-Lacy & Co.*, *supra*, was grounded upon abuse of process, "practically the same rules apply to this class of malicious prosecutions as to those charging one with a criminal offense." Burks Pleading and Practice (3rd Ed.), p. 256.

Therefore, we are of the opinion that the evidence in the case at bar conclusively discloses that the plaintiff voluntarily compromised and settled the misdemeanor warrant and he may not maintain an action for malicious prosecution based thereon.

A fair reading of the testimony of the plaintiff himself discloses that he did consent to the settlement of the case and the dismissal of the warrant. On December 8th, he, his attorney, the Commonwealth's attorney, and the judge, were in court when the case was called. Preliminary to this, his attorney, by his consent, agreed with the defendant and the Commonwealth's attorney that if the defendant would request the dismissal of the warrant and turn the check over to the attorney for the plaintiff, he, plaintiff's attorney, would personally guarantee that the insurance company would issue a new check for a like amount, payable to the plaintiff alone, and that the plaintiff would endorse it and it would be delivered to the defendant. Thereupon, this was agreed to and the warrant was dismissed. In two weeks this agreement was fully performed and the defendant received the amount of the check.

These questions were asked the plaintiff and he made these replies:

"You knew that he (the plaintiff's attorney), was discussing it with Mr. Rucker (Commonwealth's attorney) and Mr. Bond (defendant), about settling the case?" He answered:

"Yes". Again he was asked:

"You knew that that was going on, (discussing the settlement of the case), and that was with your approval, was it not?" He answered:

"That is right".

This testimony of the plaintiff shows clearly that he knew what was going on and agreed to it. It occurred in his presence in the court room at the suggestion of his own attorney. He should not at this late date be allowed to escape the effect of his own testimony or disavow a settlement of the case made in his presence by his own attorney.

■ It is argued that the defense of compromise was not made in the trial court and for that reason it should not be allowed in this court. This argument is without merit. The only plea filed in the case was the general issue. No grounds of defense were requested and none were filed. A goodly portion of the plaintiff's testimony was directed to the defense of compromise. There was other considerable testimony touching this issue. This evidence was bound to have been within the knowledge of the trial court from the questions asked and the answers given. It is disclosed from the evidence that this was one of the main defenses. Under these circumstances we are bound to conclude that no new issue or defense is being urged here that was not presented to the trial court. *Sawyer* v. *Blankenship*, 160 Va. 651, at page 655, 169 S. E. 551; *Regensburg* v. *Commonwealth*, 159 Va. 1024, 167 S. E. 247, and *Kelly* v. *Schneller*, 148 Va. 573, 139 S. E. 275.

For these reasons the judgment of the trial court is affirmed.

*Affirmed.*