Present:  All the Justices

RANDOLPH O. REED

v.  Record No. 941420      OPINION BY JUSTICE ELIZABETH B. LACY
                                      June 9, 1995
LEWIS S. LIVERMAN, SR.

From the Circuit Court of Middlesex County
John M. Folkes, Judge

In this appeal, we consider whether an order dismissing with prejudice an action to collect on a promissory note is conclusive as to a subsequent action on the same promissory note.

On March 4, 1991, Randolph O. Reed and David C. Eanes, Jr., executed a promissory note payable to Lewis S. Liverman, Sr., in the amount of $74,000.  Eanes and Reed failed to meet their payment obligation and, on July 3, 1991, Liverman filed a motion for judgment against them, jointly and severally.  This motion for judgment alleged that Reed and Eanes "failed and refused to pay the balance due on [the] indebtedness after repeated demands for payment."

On August 23, 1991, the action was settled by an agreement between the parties, but the case was not removed from the docket.  Pursuant to the agreement, Eanes was to transfer certain real estate in settlement of his obligation and Reed was to pay Liverman the sum of $37,000.  It is undisputed, however, that Reed did not pay Liverman at the time the agreement was executed nor did he pay Liverman at any time thereafter.

On May 22, 1992, Liverman filed a second motion for

judgment again seeking recovery on the 1991 promissory note. In this motion for judgment, Liverman alleged that although Eanes had paid Liverman $37,000 on the note, Reed had "failed to pay the balance of the note or any part thereof . . . and has continued to fail to so pay up to the present." Only Reed was named as a defendant in Liverman's second motion for judgment.

Reed filed a demurrer, stating, in part, that Liverman's action was prohibited because his first lawsuit was still pending in the same court. In response to the demurrer, Liverman initially, but unsuccessfully, attempted to unilaterally nonsuit his first action. He then moved the trial court to dismiss the action "with prejudice." On March 3, 1993, the trial court entered an order pursuant to which the first action was "dismissed against all parties, with prejudice." Liverman personally signed the order with the notation "I ask for this."

Reed then filed a plea of res judicata, alleging that Liverman's second action on the note was barred by dismissal of the first action with prejudice. The trial court denied this plea, finding that there were no facts "either on the face of the record or shown by extrinsic evidence which support a finding that Suit No. 1 was determined on its merits." The trial court further found that Liverman's "obvious reason for moving for the dismissal of Suit No. 1 was the filing of the

Demurrer to Suit No. 2 on the ground of two suits pending on the same promissory note" and stated that "the phrase, 'with prejudice', does not terminate Liverman's right to have his day in court upon the merits of his case."  The case against Reed proceeded to a bench trial and final judgment for Liverman in the amount of $37,000 was entered on July 26, 1994.

On appeal, Reed asserts that the trial court erred in failing to sustain his plea of res judicata.  In response, Liverman argues that the trial court correctly determined that his second action was not barred because a determination on the merits had not been reached in the first action.  Liverman also contends that the expression "with prejudice" in a dismissal order should not be conclusive when it is included erroneously, as he alleges was done in this case.

Dismissal of a suit with prejudice is defined as "an adjudication on the merits, and final disposition, barring the right to bring or maintain an action on the same claim or cause."  Black's Law Dictionary 469 (6th ed. 1990)  The record in this case shows that both the first and second motions for judgment sought recovery from Reed based solely on the March, 1991 promissory note.  The question before us is whether the dismissal with prejudice of Liverman's first action stemming from settlement of the dispute, rather than from an adjudication of the claim, bars prosecution of his second motion for judgment.

We considered this issue in <u>Virginia Concrete Co. v. Board of Supervisors</u>, 197 Va. 821, 91 S.E.2d 415 (1956), and stated that "as a general proposition a judgment of dismissal which expressly provides that it is 'with prejudice' operates as <u>res judicata</u> and is as conclusive of the rights of the parties as if the suit had been prosecuted to a final disposition adverse to the plaintiff." <u>Id</u>. at 825, 91 S.E.2d at 418. The <u>Virginia Concrete</u> opinion also noted that such a dismissal commonly implies "not only the termination of the particular action or proceeding then before the court but also the right of action upon which it is based." <u>Id</u>. Nevertheless, the words "with prejudice" are not always a bar to a subsequent action, but must be considered in light of the circumstances in which they are used. In <u>Virginia Concrete</u>, the res judicata bar was not applicable because the attorneys for the appellee did not have the authority to consent to the entry of the decree in issue. <u>Id</u>. at 825, 829, 91 S.E.2d at 418, 421.

In this case, Liverman's counsel prepared a draft order which specifically included the language "with prejudice" and which was circulated to opposing counsel 13 days in advance of its presentment to the trial court. Significantly, Liverman had prepared an earlier draft order with which he hoped to nonsuit his action "without prejudice." Furthermore, the order indicates that Liverman himself appeared before the trial court and signed the dismissal order. While Liverman's purposeful

- 4 -

actions in seeking dismissal of his action with prejudice may have been ill-advised and the consequences of his actions unintended, there is no justification in this record to support Liverman's contention that the phrase "with prejudice" was erroneously or inadvertently chosen.  Accordingly, the trial court erred in concluding that the order terminating the first action was not res judicata as to this subsequent action on the same promissory note.

Because we find that Liverman's second action on the promissory note is barred by the doctrine of res judicata, we do not address Reed's additional assignments of error.  The decision of the trial court will be reversed and final judgment will be entered for Reed.

Reversed and final judgment.

JUSTICE COMPTON, with whom JUSTICE WHITING and JUSTICE HASSELL join, dissenting.

I disagree on two grounds with the majority's ruling sustaining Reed's plea of res judicata.

First, the Court does not have a sufficient record to sustain the plea.  In Bernau v. Nealon, 219 Va. 1039, 1041, 254 S.E.2d 82, 84 (1979), the Court held that whether a former adjudication is affirmatively or defensively asserted, the record of the prior action must be offered in evidence.  Id.  The record in the first action in the present case was never offered in evidence in support of Reed's plea.  The only portion of the record from the 1991 action, the dismissal of which forms the

basis of the plea, contained in the manuscript record filed in this Court is a copy of the notice of motion for judgment and the dismissal order entered in 1993. Certainly there exist other portions of the record in a case that had been pending for almost two years. And, the duty to introduce that record rested on appellant Reed, not on appellee Liverman. _Id_. at 1043, 254 S.E.2d at 85.

The _Bernau_ rule is clear, unequivocal, and contains no exceptions; it is an established rule of civil procedure, both trial and appellate. The majority chooses to disregard that settled precedent. I would follow it, and would dismiss the appeal.

Second, even if the Court has a sufficient record, I do not agree that the plea should be sustained. The words "with prejudice" appearing in an order of dismissal are not always conclusive against the plaintiff. Their effect is determined by the conditions under which they are used. _Virginia Concrete Co._ v. _Board of Supervisors_, 197 Va. 821, 825, 91 S.E.2d 415, 418 (1956).

The burden was upon Reed to establish the validity of his plea of former adjudication. The trial judge wrote: "The record in Suit No. 1 does not reveal any evidentiary hearing, dispositive motions, orders, etc., . . . which touch upon the issues raised by the pleadings. Liverman's obvious reason for moving for the dismissal of Suit No. 1 was the filing of the

Demurrer to Suit No. 2 on the ground of two suits pending on the same promissory note."

In my opinion, Reed has not established the validity of his plea. Rather, the record affirmatively shows the conditions under which the words "with prejudice" were used in the order, and they were not used to extinguish the plaintiff's right of action against Reed. That dismissal was merely a vehicle to eliminate one of two pending actions brought on the same promissory note. Upon this ground, I would affirm the judgment of the trial court.