Present:  All the Justices

WILLIAM R. BROWN

v.  Record No. 002794     OPINION BY JUSTICE ELIZABETH B. LACY
                                  November 2, 2001
HAROLD SPARKS, ET AL.

FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
Kenneth E. Trabue, Judge Designate

In this appeal, William R. Brown seeks reversal of the circuit court's judgment holding that Brown's motion for judgment was precluded by an accord and satisfaction.

Brown and Harold Sparks, an employee of Interstate Batteries of Raleigh, N.C., t/a Interstate Battery Systems of Southern Virginia (Interstate), had an altercation on Interstate's business premises.  Brown and Sparks swore out criminal warrants against each other for assault and battery. Prior to the general district court hearing, the parties through counsel, orally agreed to dismiss the charges against each other and the agreement was not later reduced to writing. The general district court dismissed the charges and wrote on Sparks' criminal warrant, "Plea of satisf. cost assessed."

Brown subsequently initiated the instant litigation against Sparks on the theory of assault and battery and against Interstate on the theory of respondeat superior. Sparks and Interstate filed a joint motion for summary judgment, asserting that, pursuant to the holding in Orndorff

v. Bond, 185 Va. 497, 39 S.E.2d 352 (1946), any right to a civil remedy against Sparks was relinquished when Brown compromised and settled his criminal claim against Sparks. Following an ore tenus hearing, the circuit court granted the motion and ruled that certain undisputed conduct of the parties established an accord and satisfaction. We awarded Brown an appeal.

Sparks seeks to have the Court uphold the trial court's summary judgment order by arguing that "principles of res judicata" bar Brown's motion for judgment in this case. According to Sparks, dismissal of the criminal charges against him in the general district court pursuant to Code § 19.2-151 and the notations on the warrant, "Plea of satisf. cost assessed," conclusively established the existence of an accord and satisfaction for all purposes and Brown is bound by that judgment.

Sparks' argument is flawed in two respects. First, a final judgment in a criminal proceeding does not operate as res judicata in a civil proceeding based on the same events. Smith v. New Dixie Lines, Inc., 201 Va. 466, 472, 111 S.E.2d 434, 438 (1959). Moreover, in this case, the trial court did not consider the dismissal of the criminal warrants pursuant to Code § 19.2-151 as conclusive evidence that the parties had entered into an accord and satisfaction. Rather the trial

2

court stated that Code § 19.2-151 was not the "exclusive method for the accomplishment of an accord and satisfaction," and that "the conduct of the parties," as outlined by the court, established the accord and satisfaction.

The circumstances of this case are much like those found in Orndorff. That case involved dismissal of a misdemeanor charge of obtaining money under false pretenses pursuant to the predecessor to Code § 19.2-151, former § 4849 (Code of 1942). The agreement to compromise and settle the criminal complaint was not reduced to writing as the statute required. The Court in Orndorff refused to allow the failure to comply with the written agreement requirement of the statute to "prevent its application where it appears that the aggrieved party received satisfaction, appeared before the justice, and the warrant was dismissed." 185 Va. at 502, 39 S.E.2d at 354. The Court in Orndorff considered the facts surrounding the previous compromise and found that the evidence "conclusively" established that the plaintiff voluntarily agreed to pay the amount sought by the defendant in return for dismissal of the criminal charge and that the agreement had been fully performed. Under these circumstances, the plaintiff "knew what was going on and agreed to it" and was not entitled to escape the effect of that agreement. 185 Va. at 503, 39 S.E.2d at 355. Consequently, the Court held that the

3

plaintiff was precluded from bringing a subsequent action for malicious prosecution based on the bringing of the criminal charge.

As in Orndorff, the parties in this case did not reduce their agreement to writing. Thus, evidence was required in order to determine the terms of the compromise and settlement, and the parties' agreement to those terms.

In an ore tenus hearing before the trial court, Brown's attorney testified that he told the general district court judge that Brown and Sparks had reached an agreement to dismiss the criminal charges and that "Mr. Brown would be allowed to pursue any civil matters against Mr. Sparks or others, and that this [in] no way affected the civil side of the case, they were simply allowing, or agreeing, that the criminal warrants would be dismissed." This testimony was corroborated by Sparks' attorney, who testified that during the criminal prosecution, Brown's attorney represented that, in agreeing to dismiss the criminal warrants, Brown "wanted to preserve his civil remedies." Sparks' former attorney also testified that, when the general district court sought a response, he told the court, "I'm here with an accord and satisfaction and that's fine with me, but if we need to try it we will try it." Following this exchange, the general

4

district court made notations on the criminal warrants and dismissed the cases.

Brown's refusal to relinquish his civil remedies is not disputed. Both the attorneys and the court knew that Brown's intent was to retain his civil remedies. Further, the statement from Sparks' attorney, indicating that despite the accord and satisfaction he would proceed to trial if necessary, creates an inference that Sparks would not accept an accord and satisfaction without the inclusion of civil remedies. The general district court, however, proceeded to dismiss the cases. Neither trial counsel objected to the dismissal of the cases or asked for clarification regarding the basis for the dismissal. Thus, the evidence is not clear whether the dismissal of the cases without a trial included an understanding that Brown's civil remedies were precluded by the dismissal, or whether the dismissal of the cases without a trial was based on an agreement regarding settlement of the criminal matters only.

Summary judgment is available to a litigant only when no material facts are in dispute. Rule 3:18; Turner v. Lotts, 244 Va. 554, 556, 422 S.E.2d 765, 766 (1992). We agree with Brown that there was a material conflict in the evidence regarding the nature of any agreement. Disputes of material

5

facts should be submitted to the finder of fact and not resolved on summary judgment.

Accordingly, the judgment will be reversed and the case remanded for further proceedings consistent with this opinion.

<u>Reversed and remanded.</u>