Present:  All the Justices

SHANA J. SHUTLER

v.  Record No. 051852

OPINION BY
JUSTICE LAWRENCE L. KOONTZ, JR.
June 8, 2006

AUGUSTA HEALTH CARE FOR WOMEN, P.L.C.

FROM THE CIRCUIT COURT OF AUGUSTA COUNTY
Humes J. Franklin, Jr., Judge

In this appeal, we consider whether the trial court erred in granting an employer's motion for summary judgment in a medical negligence action.  Specifically, we consider whether the dismissal "with prejudice" of claims against a physician barred claims against his employer, when the claims were wholly based on the alleged negligence of the physician.

BACKGROUND

The material facts are undisputed.  During the relevant time period, Augusta Health Care for Women, P.L.C. ("Augusta Health Care") was a professional limited liability company that provided obstetric and gynecological medical services to patients.  Augusta Health Care was owned and operated by two licensed physicians, one of whom was Mark P. Brooks, M.D.

On April 8, 2003, Shana J. Shutler filed a motion for judgment, jointly and severally, against Dr. Brooks and Augusta Health Care.  Shutler alleged therein that Dr. Brooks administered medical treatment to Shutler in a negligent manner,

causing her serious and permanent injury.  Shutler further alleged that Dr. Brooks was acting as an agent and employee of Augusta Health Care and within the scope of his employment during his treatment of her.  Accordingly, Shutler asserted a vicarious liability claim against Augusta Health Care for Dr. Brooks' negligence.  Dr. Brooks and Augusta Health Care filed a joint grounds of defense, denying any negligent conduct.

On the day before the matter was scheduled for trial, Shutler filed a motion to dismiss Dr. Brooks as a party defendant "with prejudice to the refiling of any action against [Dr. Brooks] individually."  The motion also stated that the "matter will proceed forward against the co-defendant, [Augusta Health Care], who is vicariously liable for any negligence of [Dr. Brooks]."[1]

The trial court granted Shutler's motion the following day and immediately entered an order dismissing Dr. Brooks as a defendant.  The order provided that the dismissal was "with prejudice to [Shutler] to refile any actions against [Dr. Brooks] based upon the allegations pending herein."  Regarding Shutler's claims against Augusta Health Care, the order further provided that "[t]his matter shall proceed forward against the

---

[1] At that time, it was stipulated that Dr. Brooks was no longer "an employee, agent, or principal" of Augusta Health Care.

defendant [Augusta Health Care] based upon the allegations pending herein."  Counsel for the defendants endorsed the order without objection.[2]

On the same day the trial court entered the order dismissing Dr. Brooks as a defendant, Augusta Health Care filed a motion for summary judgment pursuant to what is now Rule 3:20. In the motion, Augusta Health Care asserted that the dismissal "with prejudice" operated as a determination on the merits that Dr. Brooks was not liable to Shutler for the negligent conduct alleged in her motion for judgment.  Relying principally upon Roughton Pontiac Corp. v. Alston, 236 Va. 152, 156, 372 S.E.2d 147, 149 (1988), Augusta Health Care maintained that a verdict for an employee exonerates the employer as a matter of law when the two are sued together and the employer's liability is solely dependent on the employee's conduct.  Augusta Health Care further maintained that the rule stated in Roughton applies with equal force when a claim against an employee is dismissed "with prejudice" as when the employee is exonerated by a verdict. Additionally, Augusta Health Care asserted that since there was an adjudication on the merits of Dr. Brooks' liability, res

---

[2] Brooks and Augusta Health Care were represented by the same attorneys.

judicata applied to bar Shutler's claim against Augusta Health Care.

Shutler responded to the motion for summary judgment by asserting that the order dismissing Dr. Brooks "by its plain terms clearly intends and directs that the matter would proceed towards trial against Augusta [Health Care]." Shutler contended that when Augusta Health Care signed the order without objection, it "waived any challenge, including any res judicata-based challenge, that the Order of dismissal somehow precludes the plaintiff from proceeding to trial against Augusta [Health Care]." Shutler further contended that the order dismissing Dr. Brooks was not res judicata because it was not a judgment "on the merits." Finally, Shutler maintained that the rule stated in Roughton did not apply because no verdict had been rendered in Dr. Brooks' favor.

In a letter opinion dated April 11, 2005, the trial court concluded that Augusta Health Care was entitled to summary judgment. The trial court reasoned, among other things, that "[w]hile Roughton was decided upon a jury verdict, this [c]ourt can perceive no reason why Roughton should be limited to situations solely in which a jury has returned a verdict exonerating the [servant]." Noting that the parties did not dispute that Augusta Health Care's liability was "solely derivative" of Dr. Brooks' conduct under the circumstances of

this case, the trial court determined that the dismissal of Dr. Brooks "with prejudice" rendered Augusta Health Care not liable as a matter of law.[3]

By order entered on June 2, 2005, incorporating the prior opinion letter, the trial court granted the motion for summary judgment and entered final judgment in favor of Augusta Health Care. This appeal followed.

DISCUSSION

A motion for summary judgment should be granted only when no material facts are genuinely in dispute and, based on those facts, the moving party is entitled to judgment as a matter of law. Rule 3:20; see Brown v. Sparks, 262 Va. 567, 571, 554 S.E.2d 449, 451 (2001); Slone v. General Motors Corp., 249 Va. 520, 522, 457 S.E.2d 51, 52 (1995). In this case, the material facts pertaining to Augusta Health Care's motion for summary judgment are undisputed. The motion was based solely on questions of law regarding the effect of the dismissal of the claim against Dr. Brooks "with prejudice" on Shutler's claim against Augusta Health Care. Under well-established principles,

---

[3] The trial court expressly declined to rule on the application of res judicata and any other related issues in this case, because it concluded that under Roughton, Dr. Brooks' dismissal "with prejudice" rendered Augusta Health Care not liable as a matter of law. Accordingly, we need not address those issues.

5

we review these questions of law de novo.  See Westgate at Williamsburg Condominium Ass'n v. Philip Richardson Co., 270 Va. 566, 574, 621 S.E.2d 114, 118 (2005); Simon v. Forer, 265 Va. 483, 487, 578 S.E.2d 792, 794 (2003).

We begin by addressing Shutler's contention that the terms of the order dismissing Dr. Brooks with prejudice expressly preserved her right to pursue her claim against Augusta Health Care as alleged in her motion for judgment.  Shutler maintains that by failing to object to the order, Augusta Health Care became bound by the terms of the order and waived the ability to assert that Dr. Brooks' dismissal "with prejudice" had any preclusive effect on her claim against Augusta Health Care.

In examining the terms of the order, we note that the language pertaining to Shutler's ability to proceed with her claims against Dr. Brooks and Augusta Health Care, respectively, is clear and unequivocal.  The order plainly states that Shutler's claim against Dr. Brooks was dismissed "with prejudice" to her ability to refile further claims against Dr. Brooks based on the allegations in her motion for judgment.  In equally straightforward terms, the order authorized Shutler to "proceed forward against [Augusta Health Care] based upon the allegations pending herein."

The trial court viewed the provision dismissing Dr. Brooks "with prejudice" as the equivalent of a verdict or other binding

6

determination on the merits that Dr. Brooks was not liable to Shutler for his alleged negligent conduct. Consequently, the trial court applied the well-established rule that "where a master and servant are sued together in tort, and the master's liability, if any, is solely dependent on the servant's conduct, a verdict for the servant necessarily exonerates the master." Roughton, 236 Va. at 156, 372 S.E.2d at 149; see Whitfield v. Whittaker Memorial Hospital, 210 Va. 176, 183, 169 S.E.2d 563, 568 (1969); Monumental Motor Tours v. Eaton, 184 Va. 311, 314-15, 35 S.E.2d 105, 106 (1945); Barnes v. Ashworth, 154 Va. 218, 229-30, 153 S.E. 711, 713-14 (1930). Thus, despite the express provision in the order preserving Shutler's ability to "proceed forward" with her claim against Augusta Health Care, the trial court determined that the provision dismissing Dr. Brooks "with prejudice" precluded Shutler from further litigating the issues related to Dr. Brooks' allegedly negligent conduct.

We agree with the trial court that, as a general rule, a dismissal of a defendant or claim "with prejudice" constitutes "an adjudication on the merits, and final disposition, barring the right to bring or maintain an action on the same claim or cause." Reed v. Liverman, 250 Va. 97, 99, 458 S.E.2d 446, 447 (1995). Furthermore, a dismissal with prejudice generally "is as conclusive of the rights of the parties as if the suit had been prosecuted to a final disposition adverse to the

7

plaintiff." Id.; see also Virginia Concrete Co. v. Board of Supervisors, 197 Va. 821, 825, 91 S.E.2d 415, 418 (1956).

However, a dismissal "with prejudice" does not always constitute an adjudication on the merits or operate as a bar to a subsequent action. Rather, we have stated that the effect of the words "with prejudice" must "be considered in light of the circumstances in which they are used." Reed, 250 Va. at 100, 458 S.E.2d at 447; see also Gilbreath v. Brewster, 250 Va. 436, 440, n.2, 463 S.E.2d 836, 838 n.2 (1995). In Virginia Concrete, for example, we held that when an attorney lacked his client's authorization to consent to the dismissal of claims "with prejudice," the trial court was correct in treating the dismissal as without prejudice. 197 Va. at 825, 91 S.E.2d at 418.

Here, we need not look beyond the language of the trial court's order to determine the meaning and effect of the words "with prejudice" under the circumstances of this case. The order addresses the claims against Dr. Brooks and Augusta Health Care in separate provisions, one of which clearly indicates that further action against Dr. Brooks was precluded while the other, with equal clarity, provides that the claim against Augusta Health Care would proceed. Nowhere in the order does it state that Dr. Brooks' dismissal "with prejudice" would have any effect on Shutler's claim against Augusta Health Care.

8

Moreover, the order plainly states that Shutler is entitled to proceed against Augusta Health Care "based on the allegations pending herein."  Those allegations in the motion for judgment, while perhaps not artfully drafted, were various negligent acts by Dr. Brooks for which Augusta Health Care concedes it could be held vicariously liable.  The motion for judgment did not contain allegations of independent negligent acts by Augusta Health Care.  Rather, as pled, Shutler's entire case depended on her proof of Dr. Brooks' negligent acts.  Under these circumstances, the order's dismissal of Dr. Brooks "with prejudice" does not equate to an adjudication on the merits so as to preclude or limit Shutler's ability to litigate the matters she alleged in her motion for judgment, including issues related to Dr. Brooks' allegedly negligent conduct, in pursuing her claims against Augusta Health Care.  Accordingly, we hold that, consistent with the express terms of the order, the dismissal of Dr. Brooks "with prejudice" does not have any preclusive effect on Shutler's ability to pursue her claims against Augusta Health Care.

CONCLUSION

For the foregoing reasons, we hold that the trial court erred in granting Augusta Health Care's motion for summary judgment.  Accordingly, we will reverse the trial court's judgment in favor of Augusta Health Care and remand the case for

9

further proceedings in accordance with the principles stated herein.

Reversed and remanded.

JUSTICE KINSER, with whom JUSTICE AGEE joins, dissenting.

Because I conclude the circuit court correctly granted the motion for summary judgment filed by Augusta Health Care for Women, P.L.C. (Augusta Health Care), I respectfully dissent from the majority opinion. As the circuit court noted, the dismissal of the servant, Mark P. Brooks, M.D., with prejudice was a finding that Dr. Brooks was not liable, thereby rendering his master, Augusta Health Care, also not liable as a matter of law. "[W]here master and servant are sued together in tort, and the master's liability, if any, is solely dependent on the servant's conduct, a verdict for the servant necessarily exonerates the master." Roughton Pontiac Corp. v. Alston, 236 Va. 152, 156, 372 S.E.2d 147, 149 (1988); see also Santen v. Tuthill, 265 Va. 492, 499, 578 S.E.2d 788, 792 (2003); Rakes v. Fulcher, 210 Va. 542, 549, 172 S.E.2d 751, 757 (1970).

Based on the pleadings in this case, it is not disputed that, at the time of the alleged negligence, Dr. Brooks and Augusta Health Care were engaged in a master and servant relationship. The motion for judgment filed by Shana J. Shutler alleged only acts of negligence by Dr. Brooks. She asserted no independent acts of negligence by Augusta Health Care. Thus,

10

her claim against Augusta Health Care was predicated solely upon its vicarious liability for Dr. Brooks' alleged negligence. Consequently, if the order dismissing Dr. Brooks "with prejudice" was tantamount to a verdict in favor of Dr. Brooks, then the order likewise exonerated Augusta Health Care.

This Court has consistently followed the general rule that the dismissal of a claim "with prejudice" constitutes "an adjudication on the merits, and final disposition, barring the right to bring or maintain an action on the same claim or cause." Reed v. Liverman, 250 Va. 97, 99, 458 S.E.2d 446, 447 (1995). In Reed, the Court explained that "as a general proposition a judgment of dismissal which expressly provides that it is 'with prejudice' operates as res judicata and is as conclusive of the rights of the parties as if the suit had been prosecuted to a final disposition adverse to the plaintiff." Id. at 100, 458 S.E.2d at 447; see also Dalloul v. Agbey, 255 Va. 511, 514, 499 S.E.2d 279, 281 (1998). Therefore, when the circuit court entered an order dismissing Dr. Brooks from the action "with prejudice to the plaintiff to refile any actions against [Dr. Brooks] based upon the allegations pending herein," the dismissal had the same effect as a verdict in Dr. Brooks' favor. Since Augusta Health Care's negligence was solely dependant on Dr. Brooks' conduct, Augusta Health Care, in my view, was also exonerated based upon well-settled Virginia law

11

governing the master and servant relationship.  See Roughton, 236 Va. at 156, 372 S.E.2d at 149.

The majority, however, relies upon the proposition that the words "with prejudice" must "be considered in light of the circumstances in which they are used," Reed, 250 Va. at 100, 458 S.E.2d at 447, and cites to this Court's decision in Virginia Concrete Co. v. Board of Supervisors, 197 Va. 821, 829, 91 S.E.2d 415, 421 (1956), as an example of when a dismissal "with prejudice" was not conclusive against a plaintiff.  In Virginia Concrete, an attorney dismissed an injunction suit "with prejudice" without his client's consent.  Id. at 825, 91 S.E.2d at 418.  Relying on the principle that an attorney cannot dismiss a case on its merits without his client's consent, we held that "[i]n the absence of express authority from [the client] the consent of [the client's] attorneys did not bind it or deprive [the client] of a right to have the 'with prejudice' feature of the decree set aside."  Id. at 829, 91 S.E.2d at 421. Stated differently, we did not hold that the dismissal "with prejudice" meant anything other than a final and complete adjudication of the matter at issue in the suit but, instead, decided that the client could set aside that portion of the decree because the dismissal with prejudice was entered without the client's consent.

12

The majority also cites to this Court's decisions in <u>Reed</u> and <u>Gilbreath v. Brewster</u>, 250 Va. 436, 463 S.E.2d 836 (1995). In both cases, we reiterated the proposition that the words "with prejudice" should "be considered in light of the circumstances in which they are used," <u>Reed</u>, 250 Va. at 100, 458 S.E.2d at 447, but in neither <u>Gilbreath</u> nor <u>Reed</u> did we apply the exception. Instead, the Court followed the general rule that a dismissal " 'with prejudice' operates as res judicata and is as conclusive of the rights of the parties as if the suit had been prosecuted to a final disposition adverse to the plaintiff." <u>Reed</u>, 250 Va. at 100, 458 S.E.2d at 447; <u>see also</u> <u>Gilbreath</u>, 250 Va. 440, 463 S.E.2d at 837.

Notably, Shutler, like the plaintiff in <u>Reed</u>, drafted the order at issue and included the language "with prejudice." We stated in <u>Reed</u> that, "[w]hile [the plaintiff's] purposeful actions in seeking dismissal of his action with prejudice may have been ill-advised and the consequences of his actions unintended, there is no justification in [the] record to support [the] contention that the phrase 'with prejudice' was erroneously or inadvertently chosen." 250 Va. at 100, 458 S.E.2d at 447. The same can be said with regard to Shutler's decision to include the words "with prejudice."

I recognize that the majority does not dispute the well-established law regarding the meaning and effect of the words

13

"with prejudice." Instead, the majority concludes that, under the circumstances of this case, i.e., the language of the circuit court's order, those words do not have their usual significance. The relevant language, that the "matter shall proceed forward against the defendant Augusta Health Care . . . based upon the allegations pending herein," did not, however, limit Augusta Health Care's ability and right to move for summary judgment or to assert other well-taken dispositive motions. Under the majority's interpretation of the language in the circuit court's order, Shutler was guaranteed that she could litigate her claim against Augusta Health Care to the point of it being decided by a jury. Whether Augusta Health Care asserted its motion for summary judgment immediately following the entry of the order dismissing Dr. Brooks "with prejudice," as it did here, or later in the proceedings, the fact remains that Shutler's claim against Augusta Health Care did proceed, albeit for only a short time, in accordance with the order.

For these reasons, I conclude the circuit court did not err in granting Augusta Health Care's motion for summary judgment. Thus, I respectfully dissent and would affirm the circuit court's judgment.