## CIRCUIT COURT OF THE CITY OF RICHMOND

Shirley Ann Twist,
Personal Representative
of the Estate of
Maurice E. Reveley, Jr.

v.

A. Elizabeth Martin et al.

July 26, 2006

Case No. LS-2296

BY JUDGE T. J. MARKOW

The parties appeared by counsel, and argument was heard on a Plea of Res Judicata and Defendant, A. Elizabeth Martin, M.D.'s, Motion for Expert Witness Costs.

*Plea of Res Judicata*

The initial Motion for Judgment in this case was filed on September 22, 2003 (Twist I). Ultimately, Twist I was nonsuited on August 17, 2004.

A second Motion for Judgment was filed on September 29, 2004 (Twist II). Prior to trial on Twist II, a Motion to Compel Election of Remedies was heard, at which time counsel for Plaintiff elected to pursue a survival action as opposed to a wrongful death action. At trial, Plaintiff's counsel was admonished to refrain from introducing the decedent's death to the jury. Notwithstanding the admonition, Plaintiff's counsel in opening statement stated that Defendants' negligence caused the death of Plaintiff. The court declared a mistrial, and Twist II was rescheduled for a new trial.

Plaintiff retained new counsel who filed a third Motion for Judgment (Twist III). Twist III, which alleged the same facts, more clearly stated a

wrongful death claim. Thereafter, the court entered an Agreed Dismissal Order on May 2, 2006, dismissing Twist III "With prejudice."

Counsel for Plaintiff now intends to pursue Twist II as a wrongful death action. The court amended its prior order and permitted the new election. Defendants argue that dismissal of Twist III "with prejudice" bars any further action against Defendants; or in the alternative, prevents Plaintiff from pursuing Twist II as a wrongful death action. Plaintiff argues, however, that the parties did not intend for the dismissal of Twist III to bar further pursuit of Twist II and that it was understood that the dismissal was merely a procedural mechanism for cleaning up the docket, not a substantive determination.

In Virginia, the general rule is that "a judgment of dismissal which expressly provides that it is 'with prejudice' operates as res judicata and is as conclusive of the rights of the parties as if the suit had been prosecuted to a final disposition adverse to the plaintiff. *Virginia Concrete Co. v. Board of Supervisors*, 197 Va. 821, 825, 91 S.E.2d 415, 418 (1956). However, "with prejudice" is not always an absolute bar to a subsequent action. *Id.* The Virginia Supreme Court has held that the words must be considered in light of the circumstances in which they are used. *Id.* For instance, in *Virginia Concrete*, res judicata did not apply because the attorney did not have the authority to consent to the entry of the decree. *Id.* at 825, 829, 91 S.E.2d at 418, 421.

Under very similar circumstances, as here, the court in *Reed v. Liverman*, 250 Va. 97, 458 S.E.2d 446 (1995), held that "while [Plaintiff's] purposeful actions in seeking dismissal of his action with prejudice may have been ill-advised and the consequences of his action unintended, there is no justification in this record to support [Plaintiff's] contention that the phrase 'with prejudice' was erroneously or inadvertently chosen."

The Agreed Dismissal Order entered in this matter on May 2, 2006, states, "it is hereby ordered that A. Elizabeth Martin, M.D., Robert R. Beskin, M.D., and Commonwealth Radiology, P.C., are dismissed with prejudice."

Similar to *Reed*, while counsel may not have intended to dismiss the entire action, there is no evidence in the record that the phrase "with prejudice" was erroneously or inadvertently chosen. In fact, the language in the order appears in all caps and is emboldened: **"ARE DISMISSED WITH PREJUDICE."** Counsel for the Plaintiff admits to constant disagreement over the language of the order and the consideration of various drafts. It is clear that this language was not inadvertent and that counsel had the opportunity to fully consider the language of the order and its consequences.

The most recent case on this issue, which was not cited by either side, is *Shutler v. Augusta Healthcare for Women, P.L.C.*, 272 Va. 87, 630 S.E.2d 313 (2006). In *Shutler*, the Court of Appeals considered whether, in a medical

negligence action, an order dismissing the physician "with prejudice" precluded the plaintiff from pursuing the action against the physician's practice based on the same negligent conduct. *Id.* The court held that "*consistent with the express terms of the order,* the dismissal of the physician `with prejudice' does not have any preclusive effect on the plaintiff's ability to pursue her claims against the practice." *Id.* (emphasis added). In *Shutler,* the language of the order clarified that the plaintiff was entitled to pursue a future action against the practice although the physician was dismissed with prejudice. The court noted that it "need not look beyond the language of the trial court's order to determine the meaning and effect of the words "with prejudice" and decided the issue based on this fact.

Unlike *Shutler,* there is no additional language in the order that would suggest some meaning other than a final disposition barring the right to bring or maintain an action on the same claim or cause. *See Reed,* 250 Va. at 99, 458 S.E.2d at 447 (*citing Blacks Law Dictionary* 469 (6th ed. 1990)). Furthermore, unlike *Shutler,* the action counsel wishes to pursue (Twist II) is no different from the one dismissed with prejudice (Twist III). In *Shutler,* counsel dismissed the action against the physician, but pursued the action against the practice. In this instance, the parties, the claims, and the theories of recovery between the case that was dismissed and the case counsel wishes to pursue are identical.

Given the circumstances, the court cannot find any other meaning to the words "with prejudice" other than a bar as to further action against Defendants, A. Elizabeth Martin, M.D., Robert R. Beskin, M.D., and Commonwealth Radiology, P.C. Accordingly, the court finds that Twist II, whether litigated as a wrongful death action or a survival action, is barred by the doctrine of res judicata.

## Motion for Expert Witness Costs

Defendant A. Elizabeth Martin, M.D., requests a judgment against Plaintiff for expert witness costs resulting from Plaintiff's last minute request for a continuance. Due to the continuance, Defendant incurred substantial expense for a cancellation fee charged by her expert witness.

The court finds that Plaintiff failed to bring the issue resulting in a continuance in a timely fashion and, therefore, is responsible for a portion of the cancellation fee.

For the forgoing reasons, it is hereby ordered that the case be dismissed with prejudice. It is further ordered that Plaintiff reimburse Defendant, A. Elizabeth Martin, M.D., $7,500 in expert witness costs.