COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Athey, Fulton and Causey

VERONICA M. JOHNSON

v.      Record No. 0144-23-1

MEMORANDUM OPINION*
PER CURIAM
NOVEMBER 8, 2023

ROCK SOLID JANITORIAL, INC., ET AL.

FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
Patricia L. West, Judge Designate

(Veronica M. Johnson, on briefs), *pro se*.  Appellant submitting on
briefs.

(Harold E. Johnson; John A. Irvin; Donald E. Morris; Williams
Mullen; The Law Offices of Donald E. Morris, on brief), for
appellees.  Appellees submitting on brief.


Veronica M. Johnson, *pro se*, appeals the circuit court's final order sustaining a plea in bar

of res judicata filed by Selective Insurance Company of America (Selective America), Selective

Way Insurance Company (Selective Way), and Selective Insurance Group (Selective Group)

(collectively "Selective").  On appeal, she contends that res judicata does not bar her personal injury

claims against Selective and Rock Solid Janitorial, Inc., that Selective's plea in bar is based upon a

void order that should be reversed, and that the circuit court erred by not entering default judgment

against Selective and Rock Solid for their alleged failure to respond to her discovery requests.  The

parties waived argument in this case.  *See* Code § 17.1-403(ii).  For the reasons stated below, we

affirm in part, reverse in part, and remand the case for further proceedings consistent with this

opinion.

---

* This opinion is not designated for publication.  *See* Code § 17.1-413(A).

BACKGROUND

On July 27, 2016, Johnson filed a warrant in debt in the City of Portsmouth General District Court against Rock Solid and Selective America. The warrant in debt, as amended, alleged that Johnson sustained personal injuries on June 30, 2015, when she slipped and fell on a floor waxed by Rock Solid inside the City of Portsmouth circuit courthouse. It further alleged that Selective Way paid Johnson a portion of a $15,000 medical expense benefit under Rock Solid's insurance policy but refused to pay Johnson the full amount of the benefit.[1] Johnson requested that the general district court award her the balance of the medical expense benefit and punitive damages for "[b]ad [f]aith [i]nsurance [p]ractices." She further indicated that she would file "a future claim . . . for [damages] based on liability."

The general district court denied Johnson's claims, and she appealed the ruling to the circuit court. Thereafter, Rock Solid and Selective America filed a motion to dismiss arguing that Johnson lacked standing to pursue her claims and had failed to join all necessary parties. After a hearing, the circuit court found that Johnson did not have standing to pursue her claims "because she [was] not a beneficiary under Rock Solid's insurance policy, [did] not have a contract with Rock Solid's insurance company, [t]here [was] no privity of contract, and [she] ha[d] suffered no loss or any out-of-pocket expenses." The circuit court also found that Selective Way and Selective Group were not parties to the case. On December 31, 2018, the circuit court entered a final order, dismissing Johnson's claims with prejudice (the "2018 order").[2]

---

[1] Johnson's amended warrant in debt named Selective Way and Selective Group as additional defendants. Although the general district court accepted and ruled upon Johnson's amended warrant in debt, it did not grant Johnson leave to name Selective Way and Selective Group as additional defendants.

[2] Johnson objected to the 2018 order on the basis that it violated her Fourteenth Amendment rights and petitioned the Supreme Court of Virginia for an appeal, which the Supreme Court denied.

On November 16, 2020, Johnson filed a complaint in the circuit court against Rock Solid and Selective for negligently causing her June 30, 2015 injuries. The complaint alleged that Rock Solid negligently spilled wax on the floor and failed to warn Johnson of the floor's condition. The complaint further alleged that Rock Solid and Selective acted in bad faith by refusing to pay Johnson's medical expense benefits, which "contributed to the exacerbation of [her] injuries," and requested an award of "bad faith punitive damages."

Selective filed a plea in bar arguing that Johnson's claims were barred by res judicata because they arose from its refusal to pay her medical expense benefits and had been previously adjudicated by the 2018 order.[3] In her written opposition, Johnson argued that res judicata did not bar her claims because the 2018 order was procured by fraud, violated her Seventh and Fourteenth Amendment rights, and was void ab initio. She further argued that her current action was "for damages . . . caused by [Rock Solid's] negligence, and exacerbation of [her] injuries ensuing from [Selective's] bad faith," and not for medical expense benefits.[4] In addition to her opposition, Johnson also filed a motion for declaratory judgment requesting that the circuit court declare the 2018 order void, as well as a motion to compel responses to her discovery requests.

At the hearing on Johnson's motions and Selective's plea in bar, Johnson argued that the 2018 order was void because her former case had been set for trial and the judge who entered the 2018 order could not "overrule" the judge who scheduled the case for trial. She further argued that the 2018 order violated her Seventh Amendment right to a trial by jury and her right to a trial de novo from the general district court. Johnson also asserted that the general district court committed

---

[3] Selective's plea in bar further argued that Johnson lacked standing to pursue her claims.

[4] Although Johnson characterized her claims as personal injury claims, she also argued that Selective was required to answer her claim for "breach of contract."

fraud by revising one of its orders nunc pro tunc after she had appealed to the circuit court.[5] After considering the arguments of the parties, the circuit court ruled that the 2018 order was valid.

Following the circuit court's ruling that the 2018 order was valid, Johnson argued that her current claims were not barred by res judicata because she sought to recover personal injury damages that were "exacerbated" by Selective's failure to pay medical expense benefits, rather than medical expense benefits under Rock Solid's insurance policy. She asserted that the validity of the 2018 order had "nothing to do with [her] personal injury claim" and would not affect her claim against Rock Solid. Selective argued that Johnson's claims were barred by res judicata even if they constituted personal injury claims.[6]

After the conclusion of the hearing, the circuit court issued a letter opinion finding that Johnson had previously "alleged negligence on the part of [Rock Solid]" and "sought damages from [Selective] for [its] refusal to pay her claim for medical benefits." The circuit court further found that Johnson's original claims were dismissed by the 2018 order on their merits and with prejudice and that Johnson's November 16, 2020 complaint "asserted the same claim of negligence." The circuit court ruled that both lawsuits "arose out of" Rock Solid and Selective's alleged "fail[ure] to pay her medical benefits claim" and that Johnson's current claims were barred by both claim preclusion and issue preclusion. On July 25, 2022, the circuit court entered a final order dismissing Johnson's complaint with prejudice.[7] Johnson appeals.

---

[5] Specifically, the general district court removed Selective Way and Selective Group from the case caption of one of its orders two days after it entered its final order.

[6] At the hearing, Rock Solid "incorporate[d]" Selective's argument that the 2018 order barred Johnson's medical expense claims but did not address whether Johnson's personal injury claims against it were barred by res judicata.

[7] In dismissing the case with prejudice, the circuit court found that demurrers filed by Rock Solid and Selective were moot.

- 4 -

ANALYSIS

On appeal, Johnson asserts that the circuit court erred by sustaining Selective's plea in bar of

res judicata against all defendants and by failing to enter default judgment sua sponte against all

defendants for their failure to respond to her discovery requests. "[A]ll trial court rulings come to

an appellate court with a presumption of correctness." *Sobol v. Sobol*, 74 Va. App. 252, 272

(2022) (alteration in original) (quoting *Wynnycky v. Kozel*, 71 Va. App. 177, 192 (2019)).

## I.  Selective's Plea in Bar of Res Judicata

"Whether a claim or issue is precluded by a prior judgment is a question of law this Court

reviews de novo." *Lane v. Bayview Loan Servicing, LLC*, 297 Va. 645, 653 (2019).  Johnson

asserts that the circuit court erred by sustaining Selective's plea in bar of res judicata with respect to

all defendants.  In support of her assertion, Johnson argues that the 2018 order was void ab initio or,

alternatively, that this Court should reverse the order.  She further argues that res judicata does not

bar her claims because the 2018 order, if valid, was not a judgment on the merits.[8]

### A.  *Johnson Cannot Relitigate the 2018 Order*

Johnson contends that the order should be reversed on its merits.  She argues that the 2018

order "was clearly wrong in holding that [she] did not have standing to sue" because she was a

third-party beneficiary of Rock Solid's insurance policy.  Assuming, without deciding, that Johnson

preserved her argument for appeal, her collateral attack on the merits of the 2018 order is

impermissible.

---

[8] Johnson also contends that Selective's plea in bar violated Rule 3:8 and that this Court should amend Rule 3:8.  Although the record demonstrates that Johnson challenged Selective's plea in bar on several grounds, she did not challenge the sufficiency of the plea in bar under Rule 3:8 in the circuit court.  Accordingly, she failed to preserve her arguments and we will not consider them on appeal.  Rule 5A:18 ("No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice."); *see also Bethea v. Commonwealth*, 297 Va. 730, 743 (2019) ("Procedural-default principles require that the argument asserted on appeal be the same as the contemporaneous argument at trial.").

"A collateral attack, in general, is an indirect challenge that seeks to avoid the effects of a prior judgment in a subsequent proceeding." *Saunders v. Commonwealth*, 62 Va. App. 793, 805 (2014) (quoting *Sutherland v. Rasnake*, 169 Va. 257, 266-67 (1937)). When the 21-day period to challenge a final order passes, a party can avoid the effect of a prior judgment by collateral attack on the judgment. *Nelson v. Middlesex Dep't of Soc. Servs.*, 69 Va. App. 496, 509-10 (2018) ("Rule 1:1 also does not prevent a party from collaterally attacking a judgment entered more than twenty-one days earlier if it is void because it was procured by fraud or the circuit court that entered the judgment lacked subject matter jurisdiction."). "A 'collateral attack is allowed only where the judgment is void, a void judgment being a judgment rendered without jurisdiction.'" *Saunders*, 62 Va. App. at 805 (quoting *Fraser v. Commonwealth*, 16 Va. App. 775, 777 (1993)).

Here, 21 days have passed since the 2018 order was entered, so to avoid the order's effect, Johnson must collaterally attack the order. We address this attack in the next section.

B. *Johnson Waived Her Challenge to the Validity of the 2018 Order*

In her collateral attack of the 2018 order, Johnson contends that the order is void ab initio because it was entered in violation of her constitutional right to due process. Her amended opening brief, however, does not offer any legal authority or argument in support of her conclusion.

"Rule 5A:20(e) requires that the appellant's opening brief include 'principles of law and authorities' supporting each assignment of error." *Moncrieffe v. Deno*, 76 Va. App. 488, 503 (2023). "'[W]hen a party's "failure to strictly adhere to the requirements of Rule 5A:20(e)" is significant,' this Court may treat the question as waived." *Conley v. Commonwealth*, 74 Va. App. 658, 681 (2022) (alteration in original) (quoting *Bartley v. Commonwealth*, 67 Va. App. 740, 744 (2017)). Furthermore, "[i]t is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her." *Bartley*, 67 Va. App. at 746 (quoting *Sneed v. Bd. of Pro. Resp. of the Sup. Ct. of Tenn.*, 301 S.W.3d 603, 615 (Tenn. 2010)). "Nor is it this Court's

'function to comb through the record . . . to ferret-out for ourselves the validity of [appellant's] claims.'" *Alwan v. Alwan*, 70 Va. App. 599, 612 (2019) (alterations in original) (quoting *Burke v. Catawba Hosp.*, 59 Va. App. 828, 838 (2012)). "[W]here a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived." *Bartley*, 67 Va. App. at 746 (quoting *Sneed*, 301 S.W.3d at 615).

Johnson's amended opening brief does not offer any explanation as to how the 2018 order violated her right to due process, let alone any legal authority or analysis in support of her contention. These deficiencies are significant, and we therefore hold that Johnson waived her challenge to the circuit court's ruling that the 2018 order is a valid order. *Conley*, 74 Va. App. at 681.

### C. *Res Judicata Only Bars Johnson's Claims Against Selective*

Given the validity of the 2018 order, we turn to Johnson's argument that res judicata does not bar her current claims against Rock Solid and Selective because the 2018 order is not a judgment on the merits. For the following reasons, we conclude that res judicata bars Johnson's claims against Selective but does not bar her personal injury claim against Rock Solid.

"Res judicata involves both issue and claim preclusion." *Lane*, 297 Va. at 653 (quoting *Funny Guy, LLC v. Lecego, LLC*, 293 Va. 135, 142 (2017)). We discuss claim preclusion and issue preclusion separately, below.

### 1. *Claim Preclusion*

"Rule 1:6 embodies the common law principle of claim preclusion in Virginia." *Id.* at 654. Rule 1:6(a) provides:

> A party whose claim for relief arising from identified conduct, a transaction, or an occurrence, is decided on the merits by a final judgment, is forever barred from prosecuting any second or subsequent civil action against the same opposing party or parties on any claim or cause of action that arises from that same conduct, transaction or occurrence, whether or not the legal theory or rights

asserted in the second or subsequent action were raised in the prior lawsuit, and regardless of the legal elements or the evidence upon which any claims in the prior proceeding depended, or the particular remedies sought. A claim for relief pursuant to this rule includes those set forth in a complaint, counterclaim, cross-claim or third-party pleading.

"Claim preclusion bars successive litigation where . . . there has been a final judgment on the merits." *Alexander v. Cobb*, 298 Va. 380, 388 (2020). "A judgment is on the merits when it amounts to a decision as to the respective rights and liabilities of the parties." *Id.* (quoting *Storm v. Nationwide Mut. Ins. Co.*, 199 Va. 130, 134 (1957)). "[A] dismissal with prejudice generally 'is as conclusive of the rights of the parties as if the suit had been prosecuted to a final disposition adverse to the plaintiff.'" *Shutler v. Augusta Health Care for Women, P.L.C.*, 272 Va. 87, 92-93 (2006) (quoting *Reed v. Liverman*, 250 Va. 97, 99 (1995)). However, a dismissal with prejudice "does not always constitute an adjudication on the merits or operate as a bar to a subsequent action." *Id.* at 93. "Rather, we have stated that the effect of the words 'with prejudice' must 'be considered in light of the circumstances in which they are used.'" *Id.* (quoting *Reed*, 250 Va. at 100).

Here, the 2018 order dismissed Johnson's original claims with prejudice for lack of standing and failure to join necessary parties. "[S]tanding to maintain an action is a preliminary jurisdictional issue having no relation to the substantive merits of an action." *Morgan v. Bd. Of Supervisors of Hanover Cnty.*, ___ Va. ___, ___ (Feb. 2, 2023) (quoting *McClary v. Jenkins*, 299 Va. 216, 221 (2020)). Furthermore, "a court lacks the power to proceed with a suit unless all necessary parties are properly before the court." *Boasso America Corp. v. Zoning Adm'r of City of Chesapeake*, 293 Va. 203, 211 (2017) (quoting *Asch v. Friends of Mt. Vernon Yacht Club*, 251 Va. 89, 91 (1996)). Although the 2018 order dismissed Johnson's original claims with prejudice, it did so based on issues related to the circuit court's ability to hear those claims and did not adjudicate them on the merits. Therefore, we hold that the circuit court erred by ruling that

Johnson's current claims are barred by the doctrine of claim preclusion because the 2018 order was not a final judgment on the merits. *Alexander*, 298 Va. at 388.

### 2. Issue Preclusion

We next address whether the circuit court erred by ruling that Johnson's claims were also barred by the doctrine of issue preclusion. "Issue preclusion, also known as collateral estoppel, precludes 'parties to the first action *and their privies*' from relitigating 'any issue of fact actually litigated and essential to a valid and final judgment in the first action.'" *Lane*, 297 Va. at 654 (quoting *Funny Guy, LLC*, 293 Va. at 142). To establish issue preclusion:

> (1) the parties [or their privies] to the two proceedings must be the same, (2) the issue of fact sought to be litigated must have been actually litigated in the prior proceeding, (3) the issue of fact must have been essential to the prior judgment, and (4) the prior proceeding must have resulted in a valid, final judgment against the party against whom the doctrine is sought to be applied.

*Id*. at 654-55 (alteration in original) (quoting *Glasco v. Ballard*, 249 Va. 61, 64 (1995)).

Johnson, Rock Solid, and Selective America were parties to Johnson's original action and are parties to her current action as well. The record also demonstrates that Selective Way and Selective Group stand in privity with Selective America because Johnson's claims against all three defendants arise from their alleged obligation to Johnson under the same provision of Rock Solid's insurance policy. *See Raley v. Haider*, 286 Va. 164, 172 (2013) ("The touchstone of privity . . . is that a party's interest is so identical with another that representation by one party is representation of the other's legal right." (quoting *State Water Control Bd. v. Smithfield Foods, Inc.*, 261 Va. 209, 214 (2001))). Furthermore, as we hold above, the 2018 order is a valid, final judgment against her. Accordingly, whether Johnson's current claims are barred by issue preclusion turns on whether the parties seek to relitigate an issue of fact actually litigated and essential to the 2018 order.

The 2018 order dismissed Johnson's claims for lack of standing "because she [was] not a beneficiary under Rock Solid's insurance policy, [did] not have a contract with Rock Solid's insurance company, [t]here [was] no privity of contract, and [she] ha[d] suffered no loss or any out-of-pocket expenses." As the circuit court found, Johnson's current claims against Selective, however characterized, are based on its alleged bad faith refusal to pay her medical expense benefits under Rock Solid's insurance policy. Her claims therefore necessarily require her to prove that Selective was obligated to pay her medical expense benefits even though the 2018 order determined that she was not a beneficiary of Rock Solid's insurance policy. Accordingly, Johnson's current claims against Selective seek to relitigate an issue of fact essential to the 2018 order and are barred by issue preclusion.

Unlike her claims against Selective, Johnson's personal injury claim against Rock Solid does not turn on whether she was a beneficiary of its insurance policy, but rather its alleged failure to warn her of wax upon which she slipped. To prove her case against Rock Solid, Johnson would not need to relitigate any fact essential to the 2018 order. The only factual finding made by the 2018 order arguably related to Johnson's personal injury claim against Rock Solid was that she suffered "no loss or any out-of-pocket expenses." That finding, however, was not essential to the 2018 order, which dismissed Johnson's claims for lack of standing because she was not a beneficiary under Rock Solid's insurance policy. Therefore, Johnson's personal injury claim against Rock Solid is not barred by claim preclusion or issue preclusion, and the circuit court erred by dismissing her personal injury claim against Rock Solid.

## II. Johnson Did Not Preserve Her Request for Default Judgment

In her final argument, Johnson argues that the circuit erred by failing to enter default judgment against all defendants sua sponte for their failure to respond to discovery. She failed to preserve this argument for appeal. "No ruling of the trial court . . . will be considered as a basis

- 10 -

for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." Rule 5A:18. "The purpose of th[e] contemporaneous objection requirement [in Rule 5A:18] is to allow the trial court a fair opportunity to resolve the issue at trial, thereby preventing unnecessary appeals and retrials." *Hogle v. Commonwealth*, 75 Va. App. 743, 755 (2022) (quoting *Creamer v. Commonwealth*, 64 Va. App. 185, 195 (2015)). "If a party fails to timely and specifically object, [she] waives [her] argument on appeal." *Id.*

Although the record shows that Johnson moved to compel responses to her discovery requests, she did not request that the circuit court sanction Rock Solid or Selective for their alleged failure to respond, nor did she move for default judgment against them. She therefore failed to preserve her argument, and we will not consider it on appeal. Rule 5A:18.

CONCLUSION

For the foregoing reasons, we affirm the circuit court's judgment with respect to defendants Selective America, Selective Way, and Selective Group. We reverse the circuit court's judgment with respect to Johnson's personal injury claim against Rock Solid. Johnson's claim against Rock Solid is not barred by res judicata, and we remand this claim for the trial court to consider the claim on its merits.

*Affirmed in part, reversed in part, and remanded*.