## PEGGY JANE BIRD MARSHALL

V.

## W. B. BIRD, ET AL.

Record No. 821555

September 6, 1985

Present: All the Justices

*J. R. Tiller (Nathan M. Schenker; Randall A. Eads; Tiller, Schenker & Tiller*, on brief), for appellant.

*D. Burke Graybeal (Burke, Graybeal & Hammer*, on brief), for appellees.

STEPHENSON, J., delivered the opinion of the Court.

This appeal involves questions respecting the right of an illegitimate child to inherit by or through her putative father.

Peggy Jane Bird Marshall, appellant, filed a bill of complaint and affidavit of parenthood whereby she claimed Marguerite S. Bird's (Marguerite) residuary estate through Code § 64.1-64[1] (the

---

[1] Code § 64.1-64 reads in pertinent part as follows:

If a devisee or legatee die before the testator, leaving children or their descendants who survive the testator, such children or their descendants shall take the estate devised or bequeathed, as the devisee or legatee would have done if he had

so-called "anti-lapse statute") as the illegitimate child of Vance L. Bird (Vance), deceased. The appellees, W. B. Bird and others[2] (collectively, Bird), respondents in the court below, filed a demurrer and a special plea to the bill of complaint, both of which the trial court sustained.

Bird's demurrer asserts that under the law existing at the time of Vance's death (Code § 64.1-5),[3] Marshall had no right of inheritance by or through her putative father. Bird's special plea avers that Marshall's claim is barred by the provisions of Code § 64.1-5.1(3)[4] because Marshall did not file her bill of complaint and affidavit within the prescribed time.

■ A demurrer admits as true all material facts that are properly pleaded, *Bowman* v. *State Bank of Keysville*, 229 Va. 534, 536, 331 S.E.2d 797, 798 (1985), and the facts germane to Bird's special plea are undisputed. Marshall was born out of wedlock on April 11, 1939. She claims to be the biological daughter of Vance, who died testate on July 8, 1977. Vance devised and bequeathed his entire estate to Marguerite, his wife, in fee simple. Marguerite died testate on June 23, 1981. She devised and bequeathed her residuary estate to Vance, in fee simple. Because Vance prede-

---

survived the testator, unless a different disposition thereof be made or required by the will.

[2] The other appellees are: D. Woodrow Bird, Ethel Mustard, Ruth Donaldson, Elizabeth Kincheloe, Helen S. Shrewsbury, Clara S. Turner, Louise S. Porterfield, Marie S. Williams, Claude N. Smith, Willard S. Smith, Frances S. Boone, Mary S. Hilton, Phyllis S. Simmerman, Collen S. Dunford, Naomi S. Perrigon, Albert Roller, Thelma Wright, Aline McCloud, Paul H. Wright, Marguerite W. Sisson, David Lee Wright, and Sharon W. Carter.

[3] Former Code § 64.1-5 read as follows:

Illegitimate children shall be capable of inheriting and transmitting inheritance on the part of their mothers as if lawfully begotten.

[4] Code § 64.1-5.1 reads in pertinent part as follows:

If, for purposes of Title 64.1, a relationship of parent and child must be established to determine succession by, through or from a person:

. . . .

3. No claim of succession based upon the relationship between a child born out of wedlock and a parent of such child shall be recognized in the settlement of any decedent's estate unless an affidavit by such child or by someone acting for such child alleging such parenthood has been filed within one year of the date of the death of such parent in the clerk's office of the circuit court of the jurisdiction wherein the property affected by such claim is located and an action seeking adjudication of parenthood is filed in an appropriate circuit court within said time; provided, however, such one-year period shall run notwithstanding the minority of such child.

ceased and Marshall survived Marguerite, Marshall invokes the anti-lapse statute and claims the residuary estate in Vance's place.

■ Although Code § 64.1-5 had not been repealed at the time of Vance's death, the Supreme Court of the United States, approximately 12 weeks before Vance's death, declared unconstitutional an Illinois statute virtually identical to Code § 64.1-5. *Trimble* v. *Gordon*, 430 U.S. 762 (1977). In response to that decision, the General Assembly repealed Code § 64.1-5 and replaced it with Code §§ 64.1-5.1 and -5.2, effective July 1, 1978. Thus, Code § 64.1-5 had been declared unconstitutional prior to Vance's death, but the General Assembly did not repeal it until after his death. The repeal of Code § 64.1-5 and the replacement legislation, however, took effect nearly three years before Marguerite's death.

Our primary inquiry focuses upon Bird's special plea. This presents the question whether, under these facts, the trial court erred in holding that the one-year limitation provision in Code § 64.1-5.1(3) barred Marshall's claim as the substitute devisee and legatee in Marguerite's will.

■ *Trimble* effectively invalidated former Code § 64.1-5. Thus, prior to Vance's death, Marshall no longer was precluded from inheriting by or through her putative father. This broadened right for illegitimate children, constitutionally mandated, was codified in Code § 64.1-5.1(2), effective July 1, 1978. It follows, therefore, that unless Code § 64.1-5.1(3) bars Marshall's claim, she also had the right of substitution prescribed by Code § 64.1-64.

■ Code § 64.1-5.1(3) provides in pertinent part that:

> No claim of succession based upon the relationship between a child born out of wedlock and a parent of such child shall be recognized in the settlement of any decedent's estate unless [an affidavit of parenthood and an action to establish parenthood] has been filed within one year of the date of the death of such parent . . . .

Because Vance died on July 18, 1977, under a literal reading of this provision, Marshall's right of action would have accrued more than 11 months before the enactment of the statute creating it. The trial court recognized that this would be an invalid application of the statute, and we agree.

■ The court ruled, however, that the limitation period in Code § 64.1-5.1(3) began to run on July 1, 1978 (the statute's effective date). Therefore, under this ruling, the one-year limitation expired almost two years before Marguerite's death in June, 1981. But a statute of limitations cannot begin to run until a right of action accrues. *See Boykins Corp.* v. *Weldon, Inc.,* 221 Va. 81, 85, 266 S.E.2d 887, 889 (1980).

■ Clearly, until Marguerite died, Marshall had no right to claim her inheritance in Marguerite's estate through her putative father pursuant to Code § 64.1-64. In other words, Marshall's right to claim her inheritance did not accrue until Marguerite's death, and the court's application of the statute effectively destroyed Marshall's right to sue. Therefore, under the facts presented, the one-year time period did not commence to run until the date of Marguerite's death, and thus Marshall's affidavit and suit were timely filed.

■ We hold, therefore, that the court erred in ruling that Marshall's right of action was time-barred. Otherwise, there would be a statutory taking of Marshall's property without due process of law in violation of both the Federal and Virginia constitutions. U.S. Const. amend. XIV, § 1; Va. Const. art. I, § 11; *see also Potomac Hospital* v. *Dillon,* 229 Va. 355, 329 S.E.2d 41 (1985).

■ We also hold that the trial court erred in sustaining Bird's demurrer on the ground that, at the time of Vance's death, Marshall could not inherit by or through her putative father. Although the General Assembly had not repealed Code § 64.1-5 at the time of Vance's death, *Trimble* implicitly declared it unconstitutional almost three months previously.

■ Accordingly, because the trial court erred in sustaining both the demurrer and the special plea, we will reverse its decree and remand the cause for an adjudication of parentage pursuant to Code §§ 64.1-5.1 and -5.2.

*Reversed and remanded.*