## CIRCUIT COURT OF THE CITY OF NORFOLK

Marjorie Thompson
and Sylvia Hoffler

     v.

McAllister Banks,
McAllister Banks,
Executor of the
Estate of James H. Biggs,
deceased,
Sonia L. Wolfrey,
Roberta E. Wolfrey,
and Elizabeth Carter

          Case No. (Chancery) 02-1237

Sonia Wolfrey,
Roberta Wolfrey,
Raymond Wolfrey,
and Robert Wolfrey, Jr.

     v.

McAllister Banks,
Marjorie Thompson,
and Sylvia Hoffler

          Case No. (Chancery) 02-1567

          May 30, 2003

BY JUDGE JOHN C. MORRISON, JR.

This issue comes before the Court on Defendant McAllister Banks's Motion for Summary Judgment. James Biggs died testate on July 27, 2001. On August 6, 2001, McAllister Banks, executor of his estate, offered a writing dated April 27, 2001, as the Last Will and Testament of James Biggs. On June 18, 2002, Complainants Marjorie Thompson and Sylvia Hoffler brought this action against Defendants McAllister Banks, McAllister Banks as Executor of the Estate of James H. Biggs, deceased, Sonia L. Wolfrey, Roberta E. Wolfrey, and Elizabeth Carter. Complainants claim that the purported Last Will and Testament of James Biggs was not his Last Will and Testament. Complainants assert in their pleading that the writing was not drafted, signed, and attested to as required by law, that James Biggs, at the time of drafting, lacked testamentary capacity, and that Defendant McAllister Banks exercised undue influence and control over James Biggs and the purported will at the time of drafting. (Bill of Complaint ¶ 6.[1]) Complainant Sylvia Hoffler took a nonsuit on February 6, 2003. Complainant Marjorie Thompson asserts that she is the first cousin of James Biggs and is entitled to collect a portion of his estate should James Biggs be declared intestate. (Bill of Complaint ¶ 1.)

Defendants assert that Thompson cannot collect any portion of the Estate should the Court set aside the purported will and find that Biggs was intestate. (Defs.' Mot. for Summ. J.) They claim that Virginia Code § 64.1-5.1(4) prohibits Thompson from asserting her claim of succession because she did not file an affidavit or file an appropriate action seeking adjudication of parenthood within a year of her parent's death as required by the statute. *Id.* Plaintiff claims that she could not have been expected to comply with the statute because her father died in 1945, thirty-six years before the statute was enacted. (Complainant's Resp. to Defs.' Mot. for Summ. J.¶ 3 [hereinafter "Resp. to MSJ"].) She also asserts that she falls into the exception of the statute because the relationship between her and her father is established by a birth record prepared upon information given by or at the request of her father. *Id.* at ¶ 4.

On August 6, 2002, Complainants Sonia Wolfrey, Roberta Wolfrey, Raymond Wolfrey, and Robert Wolfrey, Jr., brought an action against McAllister Banks, Marjorie Thompson, and Sylvia Hoffler. (Chancery No. 02-1567.) In that case, Complainants deny any knowledge that Marjorie Thompson is the surviving next of kin and heir at law of James Biggs. (Bill of Complaint ¶ 2.) They also assert that the purported will is invalid because James Biggs lacked testamentary capacity and that the will was the result of

---

[1] In the Bill of Complaint, the paragraphs are misnumbered. The sixth paragraph is incorrectly numbered 4.

undue influence and control exercised over James Biggs. *Id.* at ¶¶ 4-5. The Court consolidated these actions for trial.

## *Discussion*

There are two primary issues presented in Defendants' Motion for Summary Judgment in the case at bar. The first issue is whether the one-year limitation in Virginia Code § 64.1-5.1(4) applies in this case even though Complainant's father died in 1945, thirty-six years before the statute took effect. The second issue is whether the section's first exception applies to the facts in this case.

Virginia Code § 64.1-5.1(4) provides:

> No claim of succession based upon the relationship between a child born out of wedlock and a parent of such child shall be recognized in the settlement of any decedent's estate unless an affidavit by such child or by someone acting for such child alleging such parenthood has been filed within one year of the date of the death of such parent in the clerk's office of the circuit court of the jurisdiction wherein the property affected by such claim is located and an action seeking adjudication of parenthood is filed in an appropriate circuit court within said time. However, such one-year period shall run notwithstanding the minority of such child. The limitation period of the preceding sentence shall not apply in those cases where the relationship between the child born out of wedlock and the parent in question is (i) established by a birth record prepared upon information given by or at the request of such parent.

Defendants claim that Complainant is bound by the requirements set out in the first sentence of this section and that she was required to file an affidavit within one year of her father's death and file an action seeking adjudication of her parenthood within than same time period. (Letter from Defs. to Court of March 26, 2003, at 2.) Complainant asserts that the statute could not require her to file either the affidavit or the action within one year of her father's death because her father died thirty-six years before the enactment of the statute. (Resp. to MSJ ¶ 3.) The Supreme Court of Virginia has found that a literal reading of the provision would be inappropriate. *Marshall v. Bird*, 230 Va. 89, 92, 334 S.E.2d 573, 575 (1985). The court held that a statute of limitations cannot begin to run until the right of action accrues. *Id.* at 93, 334 S.E.2d at

575. Therefore, the one-year time period does not begin to run until the death of the person whose estate is under dispute. *Id.* In this case, the one-year time period began to run at the death of James Biggs on July 27, 2001. However, Complainant still did not file an affidavit or an action seeking adjudication of parenthood within a year of the death of James Biggs. Therefore, the question remains whether the section's first exception applies.

Complainant argues that the third sentence of the section creates an exception to the one-year limitation in her case. (Resp. to MSJ ¶ 3.) Defendants counter that the "limitation period of the preceding sentence" refers to the second sentence of the section only. (Letter from Defendant to Court of March 26, 2003, at 2.) "It is our position that the third sentence means nothing more or less than this: If you have a birth certificate which establishes the father/illegitimate child relationship, then the one year statute of limitations is tolled until the child in question turns eighteen." *Id.* However, Defendants miss the point that the one-year limitation period referred to in the second sentence of the section is the *same* limitation period that is created in the first sentence of the section. In addition, the Supreme Court of Virginia has stated:

> In addition, [Virginia Code § 64.1-5.1(4)] requires that no claim of succession by an illegitimate child shall be recognized in the settlement of a decedent's estate unless the child or someone acting for him shall, within one year of the parent's death, file an affidavit alleging parenthood and file an action seeking adjudication of parenthood. The limitation period does not apply if the parenthood is "established by a birth record prepared upon information given by or at the request of" the parent in question.

*Johnson v. Branson*, 228 Va. 65, 70, 319 S.E.2d 735, 736-37 (1984).

Defendants argue that this "superfluous" statement is not binding on this Court because the Supreme Court was not addressing the specific question whether the existence of such a birth certificate merely tolls the one-year time limit until the minor turns eighteen or does it totally abrogate the necessity of the affidavit and the action seeking adjudication of parenthood. (Letter of Defs. to Court of March 26, 2003, at 3.) The Supreme Court had no reason to address this question. There is nothing in the statute that would suggest that the exceptions listed in the third sentence of the section would merely toll the statute of limitations until the minor turned eighteen.

## Conclusion

The one-year time period did not begin to run until complainant's action accrued at the death of James Biggs. In addition, the time limit does not apply in this case because Virginia Code § 64.1-5.1(4)(i) creates an exception for facts such as those in this case. Defendants' Motion for Summary Judgment is denied.