Present:  All the Justices

CHERYL BELTON

v.  Record No. 060689  OPINION BY JUSTICE CYNTHIA D. KINSER
                                        March 2, 2007
PAULA CRUDUP

FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
A. Bonwill Shockley, Judge


In this appeal, we address the requirements set forth in Code § 64.1-5.1(4) for a child born out of wedlock to share in the distribution of a putative parent's estate. Specifically, we decide whether the sole act of filing a list of heirs that identifies an individual as the decedent's child tolls the period during which an action to adjudicate the existence of the parent-child relationship must be filed.  Concluding that it does not toll the period prescribed by statute, we will affirm the judgment of the circuit court.

RELEVANT FACTS AND PROCEEDINGS

James Arthur Crudup (Crudup) died intestate on September 13, 1999.  His wife at the time of his death, Paula B. Crudup (the Administratrix), qualified as administratrix of his estate on December 21, 1999.  At the time of her qualification, the Administratrix filed a list of Crudup's heirs with the circuit court clerk, identifying herself as Crudup's wife and Cheryl "Bellton" [sic] as his

daughter. She also valued Crudup's estate at less than $10,000.

On July 17, 2001, the Administratrix filed an amended list of heirs, omitting the prior listing of Belton as Crudup's daughter and showing herself as Crudup's only heir. She also reported the value of Crudup's estate to be $100,000. In subsequent correspondence to Belton, the Administratrix's attorney advised that, since Crudup was not married to Belton's mother at the time of Belton's birth and had never formally acknowledged Belton as his daughter, the Administratrix took the position that Belton was not an heir to Crudup's estate.

On January 16, 2002, Belton filed a petition in the circuit court to establish herself as Crudup's natural daughter and an heir to his estate. In her petition, Belton alleged that the Administratrix had not only listed her as one of Crudup's heirs, but had also sent Belton a notice advising her of that listing and of the Administratrix's qualification as the personal representative of Crudup's estate.[*] Belton further alleged that, despite the Administratrix's representations to

---

[*] This notice contained a warning in bold letters on its face that the notice did not mean that Belton would receive any money or property.

2

Belton for over 18 months that Belton would share in the distribution of Crudup's estate, the Administratrix omitted Belton's name from the amended list of heirs.

In her response to Belton's petition, the Administratrix admitted that she initially listed Belton as Crudup's daughter based on representations made by other relatives of Crudup. The Administratrix asserted that she filed the amended list of heirs after determining that Belton should not be deemed Crudup's daughter for purposes of intestate succession. The Administratrix denied having made any representations that Belton would share in the distribution of Crudup's estate, and she affirmatively alleged that Belton is not entitled to do so because her mother was never legally married to Crudup, nor had Crudup ever formally acknowledged Belton as his daughter. Finally, the Administratrix averred that Belton had "never filed the appropriate documents . . . to establish herself as" Crudup's daughter.

In connection with her petition, Belton filed two motions that are the subjects of this appeal. First, she asked the circuit court to estop the Administratrix from asserting that Belton is not Crudup's daughter and heir. Second, Belton filed a motion to toll the statutory one-year period following a decedent's death during which a

child born out of wedlock, which Belton acknowledges herself to be, must file both an affidavit asserting a parent-child relationship with the decedent and an action seeking adjudication of the existence of that relationship in order to share in the distribution of the decedent's estate. See Code § 64.1-5.1(4). After an ore tenus hearing, the circuit court denied Belton's motions for estoppel and to toll the running of the statutory one-year period. The court concluded that in the absence of evidence that would invoke one of the exceptions to the one-year filing requirement provided for in Code § 64.1-5.1(4), Belton failed to satisfy the statutory prerequisites to share in the settlement of Crudup's estate. We awarded Belton this appeal.

ANALYSIS

The statute at issue, Code § 64.1-5.1(4), provides:

> No claim of succession based upon the relationship between a child born out of wedlock and a parent of such child shall be recognized in the settlement of any decedent's estate unless an affidavit by such child or by someone acting for such child alleging such parenthood has been filed within one year of the date of the death of such parent in the clerk's office of the circuit court of the jurisdiction wherein the property affected by such claim is located and an action seeking adjudication of parenthood is filed in an appropriate circuit court within said time. However, such one-year period shall run notwithstanding the minority of such child. The limitation period of the preceding sentence shall

4

not apply in those cases where the relationship between the child born out of wedlock and the parent in question is (i) established by a birth record prepared upon information given by or at the request of such parent; or (ii) by admission by such parent of parenthood before any court or in writing under oath; or (iii) by a previously concluded proceeding to determine parentage pursuant to the provisions of former § 20-61.1 or Chapter 3.1 (§ 20-49.1 et seq.) of Title 20.

Thus, except under the particular circumstances set forth in the statute, the right of a child born out of wedlock to inherit from his or her parent is conditioned upon the satisfaction, within one year of the parent's death, of two statutory prerequisites:  (1) the filing of an affidavit alleging the parent-child relationship by either the child or someone acting for the child; and (2) the filing of an action seeking an adjudication of the alleged parental relationship.

Belton claims that the first requirement was met when the Administratrix included Belton in the original list of heirs filed on December 21, 1999.  Belton makes no contention, however, that anyone ever filed an action seeking adjudication of the alleged parent-child relationship between her and Crudup within one year of his death.  Rather, she assigns error to the circuit court's refusal to toll the running of the statutory one-year period during the time her name appeared on the original

5

list of heirs filed by the Administratrix. Belton claims she failed to file an action to determine her status as Crudup's daughter within one year of his death because she relied in good faith on the Administratrix's initial filing of the list of heirs. According to Belton, the Administratrix's identification of Belton in the original list of heirs excused her from having to satisfy the second requirement under Code § 64.1-5.1(4) during the time her name appeared on that list. Moreover, she argues, unless equity is applied so as to toll the running of the time within which an action seeking adjudication of the parent-child relationship must be filed, an unscrupulous administrator could misrepresent the status of a child born out of wedlock in order to prevent that child from taking appropriate steps to secure his or her right to inherit from the putative parent.

We reject Belton's arguments. Assuming without deciding, as did the circuit court, that the original list of Crudup's heirs was the type of "affidavit" contemplated by Code § 64.1-5.1(4), and assuming further that the Administratrix acted on Belton's behalf when she filed it, neither the filing of that document nor Belton's purported reliance on it relieved her of the statutorily prescribed, independent requirement that an action seeking adjudication

6

of her alleged relationship with Crudup be filed within one year of his death.  Indeed, Belton conceded as much in the proceedings below when she agreed that "merely being listed on a List of Heirs as a daughter did not change the requirement that [she] proceed with the legal proceeding pursuant to statute to establish . . . paternity."

Nor does Belton point to any action by the Administratrix, other than the filing of the original list of heirs, that would allow Belton to circumvent the requirement that an action seeking adjudication of the alleged parental relationship be filed within one year of Crudup's death.  Indeed, not even the minority of a child born out of wedlock tolls the running of the one-year period.  The General Assembly was explicit in identifying only three instances in which the one-year period does not apply.  Belton does not fall within any of those exemptions, and we decline to carve out others when the General Assembly has not, in its wisdom, done so.  See, e.g., Jackson v. Fidelity & Deposit Co., 269 Va. 303, 313, 608 S.E.2d 901, 906 (2005) (under the maxim of expressio unius est exclusio alterius, when the General Assembly sets forth specific exceptions to the general applicability of a statute, those exceptions are deemed to be the only ones the legislature intended to make available).

We also find the prior decisions of this Court upon which Belton relies to be inapposite. In Johnson v. Branson, 228 Va. 65, 319 S.E.2d 735 (1984), for instance, the dispositive issue was whether a putative son presented sufficient evidence of a parent-child relationship with the decedent to inherit the decedent's estate. Id. at 67, 319 S.E.2d at 735. Since this Court reversed the trial court's decree in favor of the son because the evidence was insufficient to establish paternity, we did not decide whether the son's affirmative response to a bill of complaint challenging his status as an heir satisfied the one-year filing requirement when that complaint had been filed more than a year after the decedent's death. Id. at 70, 319 S.E.2d at 737. Similarly, in Murphy v. Holland, 237 Va. 212, 377 S.E.2d 363 (1989), the application of the predecessor statute to current Code § 64.1-5.1(4) was not at issue since the decedent had acknowledged his paternity of the child by signing the latter's birth certificate. Id. at 214, 377 S.E.2d at 364. Finally, in Marshall v. Bird, 230 Va. 89, 334 S.E.2d 573 (1985), we considered the point at which a child's right of action to claim an inheritance accrued, thereby causing the statutory one-year period to commence to run, not whether a particular event

or condition tolled the running of the one-year period. Id. at 93, 334 S.E.2d at 575.

                           CONCLUSION

We therefore conclude that Belton cannot, as a matter of law, share in the settlement of Crudup's estate because no action seeking to adjudicate the alleged parent-child relationship was commenced within one year of his death. Accordingly, we need not consider Belton's argument that the circuit court erred by failing to estop the Administratrix from denying that Belton is Crudup's daughter and heir. If the Administratrix had not filed the amended list of heirs, the provisions of Code § 64.1-5.1(4) would nevertheless have barred Belton from sharing in the distribution of Crudup's estate because she failed to file an action seeking adjudication of the alleged parent-child relationship within one year of Crudup's death.

For these reasons, we will affirm the judgment of the circuit court.

                                              Affirmed.