PRESENT: All the Justices

MADELYN A. JENKINS, ET AL.

v.    Record No. 071206                      OPINION BY
                                    JUSTICE BARBARA MILANO KEENAN
                                             June 6, 2008
SHARON JOHNSON, ET AL.

                FROM THE CIRCUIT COURT OF FAUQUIER COUNTY
                        Jeffrey W. Parker, Judge


     In this appeal involving intestate succession to title to

real estate, we consider whether children born out of wedlock

are required to comply with the proof of paternity provisions

of Code § 64.1-5.1(4), relating to "the settlement of [a]

decedent's estate," in order to assert their rights as legal

heirs to real property owned by a decedent.

     In October 1992, Joseph A. Jenkins (Joseph) died

intestate. At the time of his death, Joseph was married to

Madelyn A. Jenkins (Jenkins), and the couple had four children

who were born during the marriage. Before his marriage to

Jenkins, Joseph and another woman allegedly had two daughters

born out of wedlock, Sharon Johnson (Johnson) and Joann Lee

(Lee).

     On the day that he died, Joseph owned two parcels of land

(the subject real property). In April 2005, before attempting

to sell a portion of the subject real property, Jenkins filed

an affidavit in the circuit court pursuant to Code § 64.1-134,

listing herself as Joseph's sole heir.  In March 2006, Johnson filed an affidavit in the circuit court naming herself, Lee, Jenkins, and Jenkins' four children as Joseph's heirs.

Also in March 2006, Johnson and Lee filed a complaint in the circuit court, seeking to confirm their partial ownership of the subject real property by intestate succession and to obtain a partition of that property.  Jenkins filed an answer and motion for summary judgment, asserting that the claims were barred by Code § 64.1-5.1(4), because Johnson and Lee had failed to take action required by that statute to prove within one year of Joseph's death that he was their biological father.  The circuit court denied the motion for summary judgment and referred the case to a commissioner in chancery.

After a hearing, the commissioner determined that Johnson and Lee proved by clear and convincing evidence that Joseph was their biological father and that they each owned a share of the subject real property by intestate succession.[1]  The commissioner also concluded that the requirements of Code § 64.1-5.1(4) do not apply to a suit to partition real property of a decedent who died intestate because in Virginia, such real property does not pass through the "settlement of

---

[1] This Court refused Jenkins' assignment of error that the commissioner and the circuit court erred in concluding that Johnson and Lee had proven by clear and convincing evidence that Joseph was their biological father.  Thus, we do not address that issue in this opinion.

2

[the] decedent's estate," but passes by direct succession upon death.  Over Jenkins' objection, the circuit court confirmed the commissioner's report and ordered a partition and sale of the subject real property.  Jenkins appeals.[2]

Jenkins argues that the circuit court erred in holding that the requirements of Code § 64.1-5.1(4) for asserting claims of paternity do not apply to this action for partition of real property.  While Jenkins acknowledges that title to real property vests in a decedent's heirs at the moment of the decedent's death, she asserts that Code § 64.1-5.1(4) requires that an heir born out of wedlock take certain action within one year of the decedent's death to establish "standing as an heir" to the real property.  According to Jenkins, our decision in Belton v. Crudup, 273 Va. 368, 641 S.E.2d 74 (2007), supports her position because, in discussing the requirements of Code § 64.1-5.1(4), we did not articulate an exception to those requirements for cases involving title to real property passing by intestate succession.  We disagree with Jenkins' arguments.

---

[2] Although a portion of the subject real property has not been sold, we consider this appeal under Code § 8.01-670(B)(3), which permits us to review interlocutory orders in cases involving equitable claims that adjudicate "the principles of a cause."

3

Two particular statutes are relevant to this controversy, Code §§ 64.1-1 and -5.1(4).  Code § 64.1-1 provides, in material part:

When any person having title to any real estate of inheritance shall die intestate as to such estate, it shall descend and pass in parcenary to such of his kindred, male and female, in the following course:

First. To the surviving spouse of the intestate, unless the intestate is survived by children or their descendants, one or more of whom are not children or their descendants of the surviving spouse, in which case two-thirds of such estate shall pass to all the intestate's children and their descendants and the remaining one-third of such estate shall pass to the intestate's surviving spouse.

The applicable portion of Code § 64.1-5.1 states:

If, for purposes of this title or for determining rights in and to property pursuant to any deed, will, trust or other instrument, a relationship of parent and child must be established to determine succession or a taking by, through or from a person:

. . . .

4. No claim of succession based upon the relationship between a child born out of wedlock and a parent of such child shall be recognized in the settlement of any decedent's estate unless an affidavit by such child or by someone acting for such child alleging such parenthood has been filed within one year of the date of the death of such parent in the clerk's office of the circuit court of the jurisdiction wherein the property affected by such claim is located and an action seeking adjudication of parenthood is filed in an appropriate circuit court within said time.

This appeal requires us to determine whether Johnson and Lee (collectively, the plaintiffs) established that they are "children" of Joseph entitled to inherit from their father a

4

share of the subject real property under the statute of descents, Code § 64.1-1. Because we have refused Jenkins' assignment of error challenging the circuit court's holding that the plaintiffs are Joseph's biological children, we consider only whether the plaintiffs were required to comply with the provisions of Code § 64.1-5.1(4) to preserve their interest under Code § 64.1-1 as Joseph's legal heirs in the subject real property.

In resolving this issue, we consider the language of Code § 64.1-5.1(4) under the settled principle of statutory construction that courts are bound by the plain meaning of statutory language. Hicks v. Mellis, 275 Va. 213, 218, 657 S.E.2d 142, 144 (2008); Young v. Commonwealth, 273 Va. 528, 533, 643 S.E.2d 491, 493 (2007); Alliance to Save the Mattaponi v. Commonwealth, 270 Va. 423, 439, 621 S.E.2d 78, 86-87 (2005). Under this principle, when the language of a statute is plain and unambiguous, courts may not interpret that language in a manner effectively holding that the General Assembly did not mean what it actually stated. Hicks, 275 Va. at 218, 657 S.E.2d at 144; Young, 273 Va. at 533, 643 S.E.2d at 493; Alcoy v. Valley Nursing Homes, Inc., 272 Va. 37, 41, 630 S.E.2d 301, 303 (2006).

We hold that the language of Code § 64.1-5.1(4) is plain and unambiguous. When a relationship of parent and child must

5

be proved to determine succession, Code § 64.1-5.1(4) provides, with exceptions not relevant here, that a claim of succession by a child born out of wedlock will not be recognized "in the settlement of any decedent's estate" unless an affidavit alleging parenthood is filed within one year of the date of the parent's death, and an action requesting an adjudication of parenthood is filed within that same one-year period. Id.

These statutory requirements, by their plain language, apply only to "the settlement of [a] decedent's estate," and do not apply to the determination of heirs to, and the partition of, real property passing by intestate succession. Under Code § 64.1-1, the title to Joseph's real property passed at the moment of his death to Jenkins and to Joseph's children, in their respective statutory shares. See Spinks v. Rice, 187 Va. 730, 742, 47 S.E.2d 424, 429 (1948); 1 Page on the Law of Wills § 1.4 at 18 (4th ed. 2003); 1 Harrison on Wills and Administration § 1.03 (3rd ed. 1986). Thus, although the plaintiffs were required to establish in the present partition suit that they were Joseph's "children" in order to prove their title to the subject real property under Code § 64.1-1, the plaintiffs were not bound by the requirements of Code § 64.1-5.1(4) applicable to the settlement of a decedent's estate.

Contrary to Jenkins' argument, our holding in Belton does not affect the conclusion we reach here. In Belton, the administrator of an estate had filed an amended list of heirs that did not include a person alleging that she was the decedent's daughter born out of wedlock. Id. at 370-71, 641 S.E.2d at 75. The putative daughter claimed that she was entitled to share in the decedent's personal property, and asserted that she was not bound by the requirements of Code § 64.1-5.1(4) for establishing the decedent's paternity because the administrator's original list of heirs had identified her as the decedent's daughter. Id. at 370-372, 641 S.E.2d at 75-76. We rejected this argument, holding that because the explicit language of Code § 64.1-5.1(4) does not provide an exception applicable to these particular factual circumstances, the putative daughter's failure to comply with the statutory requirements precluded her from sharing in the settlement of the decedent's estate. Id. at 373-74, 641 S.E.2d at 76-77.

Unlike the proceedings in Belton, the present case does not involve the administration of an estate comprised of personal property, but addresses the determination of title to real property passing by intestate succession. Thus, our holding in Belton is inapposite to the conclusion we reach here, that the requirements of Code § 64.1-5.1(4) do not apply

7

when title to real property passes by intestate succession under Code § 64.1-1.  Accordingly, we hold that the circuit court did not err in determining that the plaintiffs established that they are legal heirs of Joseph entitled to a share of the proceeds of sale of the subject real property.

For these reasons, we will affirm the circuit court's judgment and remand the case to the circuit court for further proceedings consistent with the principles expressed in this opinion.

<u>Affirmed and remanded</u>.