Present: Kinser, C.J., Lemons, Goodwyn, Millette, and Mims, JJ., and Lacy and Koontz, S.JJ.

DONALD L. GUNTER

v. Record No. 100305      OPINION BY JUSTICE WILLIAM C. MIMS
                             April 21, 2011

ROBBIE S. MARTIN

FROM THE CIRCUIT COURT OF THE CITY OF COLONIAL HEIGHTS
Herbert C. Gill, Jr., Judge

In this appeal we consider the application of the doctrine of res judicata as it existed prior to July 1, 2006, the effective date of Rule 1:6.

## BACKGROUND

Donald L. Gunter ("Gunter") originally filed an action on May 27, 2005 ("the 2005 action") against Robbie S. Martin ("Martin") individually and in her capacity as administrator of the estate of George F. Martin, the decedent. Gunter alleged that the decedent died intestate on June 1, 2004; that Martin, his widow, qualified as administrator of his estate and filed a list of heirs indicating she was the decedent's sole heir; that Martin filed an inventory of assets in the estate; that Gunter was the biological child of the decedent; and that the list of heirs therefore was incorrect.

In his prayer for relief, Gunter asked the circuit court to:

allow an amended list of heirs to be filed and recorded, indicating that your petitioner is the biological child of the deceased and, as such is

an heir and beneficiary of the estate of the deceased, that the Court determine the rights of the parties hereto, that the Administrator be ordered to make distribution of the estate in accordance with such determination of the Court and for such other and further relief as may be necessary and proper.

Martin filed a motion to dismiss. She asserted that Gunter failed to satisfy the requirements of Code § 64.1-5.1. Specifically, Martin asserted that Gunter failed to file an affidavit of parenthood within one year of the decedent's date of death and an appropriate action seeking adjudication of parenthood. The circuit court granted the motion and dismissed the action.

In 2009, Gunter filed the current action, entitled "Complaint to Quiet Title & for Allotment or Sale of Real Property in Lieu of Partition." He named Martin in her individual capacity as the sole defendant. Proceeding under Code §§ 8.01-81, -83, and 55-153, Gunter alleged, inter alia, that the decedent died intestate and seized of two parcels of real property; that Martin survived as his widow; that he was the biological son of the decedent and not of Martin; that the decedent was survived by no relatives other than his brother Gilbert C. Martin; that there were no other liens or encumbrances on the property; and that the real property consisted of a single family residence and a commercial retail building, neither of which could be partitioned conveniently.

2

In his prayer for relief, Gunter requested that the circuit court order the sale or allotment of both properties, and for compensation for his share of the properties from the sale proceeds, or from a cash payment from Martin in the case of allotment.

Martin filed a plea in bar of res judicata. She asserted that "[a]ll of the relief sought by . . . Gunter . . . is dependent upon a determination that he is the biological child of [decedent]." She argued that the circuit court had previously decided that matter in the 2005 action. She further argued that the circuit court's dismissal of that suit for failure to comply with the requirements of Code § 64.1-5.1 was a determination on the merits, and therefore the issue of paternity was a "thing decided."

In reply to the plea in bar, Gunter argued that the suit was not barred by res judicata because he was not seeking the same remedy as he had in the 2005 action, because the quality of the parties to the two cases was not the same, and because the two suits were not the same cause of action under the "same evidence" test set forth in Davis v. Marshall Homes, Inc., 265 Va. 159, 167-72, 576 S.E.2d 504, 507-10 (2003). The circuit court sustained the plea in bar. It found that "both cases involve the same cause of action since they arise out of the

3

same transaction or occurrence, the paternity-status of the decedent."  We awarded Gunter this appeal.

### DISCUSSION

Gunter argues that the circuit court erred in its application of the doctrine of res judicata.  He argues that Martin failed to meet the requirements set forth in State Water Control Board v. Smithfield Foods, Inc., 261 Va. 209, 214, 542 S.E.2d 766, 769 (2001).  Specifically, he argues that the circuit court erred in holding that res judicata is a bar when Martin did not establish an identity of remedies, quality of the parties, or cause of action.  See id.

The parties agree that Rule 1:6 does not apply, since Gunter's first action was filed in May 2005 and the Rule applies only to judgments entered in civil actions commenced after July 1, 2006.  Therefore, to prevail upon a plea of res judicata, Martin was required to establish four elements: "identity of the remedies sought, identity of the cause of action, identity of the parties, and identity of the quality of the persons for or against whom the claim is made."  Smithfield Foods, 261 Va. at 214, 542 S.E.2d at 769.

Gunter argues that the remedy sought in the 2005 action was different from the remedy in the current case.  We agree. In the 2005 action, Gunter asked the circuit court to declare him an heir to the decedent's estate.  See Code § 64.1-5.1.

4

Had Gunter prevailed, he would have been recognized as a child of the decedent in the settlement of the decedent's estate. Jenkins v. Johnson, 276 Va. 30, 35, 661 S.E.2d 484, 486 (2008).

By contrast, the remedy for which Gunter prayed in the current case was for the proceeds from his two-thirds interest in real estate that would have passed to him as the decedent's son outside of the decedent's estate. The requested remedy would have required transfer of Gunter's interest to Martin for payment or the outright sale of the properties to a third party. In either scenario, it is clear that the remedy prayed for in this action was not the same "identity" as the remedy in the 2005 action. Martin thus failed to establish a required element to prevail on the plea of res judicata as that doctrine was applied prior to the effective date of Rule 1:6. See Smithfield Foods, 261 Va. at 214, 542 S.E.2d at 769. Because the failure to establish any one element is fatal to the plea of res judicata, the Court need not address Gunter's other assignments of error regarding the circuit court's application of the doctrine. See id.; see also Mowry v. City of Virginia Beach, 198 Va. 205, 211, 93 S.E.2d 323, 327 (1956) ("there must be a concurrence of [the] four" elements to prevail on res judicata plea).

CONCLUSION

For the reasons stated above, we will reverse the judgment of the circuit court and remand the case for further proceedings consistent with this opinion.

<u>Reversed and remanded.</u>