# CIRCUIT COURT OF THE CITY OF ROANOKE

Deborah Brown Freeman

v.

Henry Clay Manns, Jr.,
Shirley Ann Manns,
and Donald W. Manns, Jr.

August 14, 2013

Case No. CL13-1042

BY JUDGE DAVID B. CARSON

This matter is before the Court on the Defendants' Plea in Bar. The Court heard argument on the plea on July 22, 2013, subsequent to which, at the Court's request, counsel submitted Memoranda that has been received and reviewed by the Court. For the reasons discussed below, the Defendants' Plea in Bar is denied.

## Background

According to the Plaintiff, on August 7, 2003, Donald Manns, Sr. ("Donald Senior") died intestate. On the date of his death, Donald Senior owned a parcel of real property ("the Property") on Mercer Avenue in the City of Roanoke.

On August 29, 2007, Defendant Henry Manns, Jr., who was Donald Senior's brother, recorded a list of heirs with the Clerk of the City of Roanoke in which he identified Defendant Donald Manns, Jr. ("Donald Junior") as the sole heir of Donald Senior and thus the only person with an interest in the Property. On that same date, Henry Manns, Jr., recorded a Deed of Gift with the Clerk of the City of Roanoke in which Donald Junior conveyed his interest in the Property to Henry Manns, Jr.

Donald Junior has been voluntarily committed to Catawba Hospital since 1995, but neither party has raised an issue regarding his capacity to convey his interest in the Property and have in fact affirmatively stated that

there is no capacity issue; so the Court will not address what otherwise might have been a threshold issue. By subsequent deeds, Henry Manns, Jr., conveyed the Property to himself and his wife, Shirley Ann Manns, as husband and wife.

The Plaintiff disputes that Donald Junior is the only child of Donald Senior and alleges that she is Donald Senior's daughter, having apparently been born out of wedlock. She claims that various indicia of paternity, including a positive DNA test in 2002 in which Donald Senior participated, confirm Donald Senior's paternity. She thus claims a one-half interest in the Property along with her alleged half-brother, Donald Junior, and has filed her Complaint in this case to establish or quiet title in the property.

In response, the Defendants have filed a Plea in Bar in which they claim that the Plaintiff's failure to comply with the proof of paternity requirements of Va. Code § 64.1-5.1(4) bar the Plaintiff's claim. The Defendants mistakenly claim that the Plaintiff failed to comply with the requirements of Va. Code § 64.2-102(4), which is the successor statute to Va. Code § 64.1-5.1(4). The legislature repealed Title 64.1 in 2012; so it is clear that Va. Code § 64.1-5.1(4) would have been in effect at the time of Donald Senior's death in 2003. Pursuant to Va. Code § 64.1-5.1(4), a child born out of wedlock who is making a claim to property based on an alleged relationship with a deceased parent must, within one year of the parent's death, file in the clerk's office where the property is located an affidavit alleging parenthood as well as file an action in an appropriate circuit court seeking a determination of the parenthood claim.

There appears to be no dispute that the Plaintiff in this case did not comply with the proof of paternity requirements of Va. Code § 64.1-5.1(4). So, the question for the Court is whether the Plaintiff's failure in this regard bars her claim against the Defendants.

*Analysis*

Upon consideration of the pleadings and attachments thereto, the argument of counsel, the memoranda submitted by counsel, and the applicable law, I hold that the Plaintiff's Plea in Bar fails for two reasons.

A. *The Court's Decision in Jenkins v. Johnson Is Dispositive*

In *Jenkins v. Johnson*, 276 Va. 30, 661 S.E.2d 484 (2008), which is factually similar to this case, the question presented was whether children born out of wedlock, who were claiming an interest in their deceased father's property, were required to comply with the proof of paternity requirements set forth in Va. Code § 64.1-5.1(4).

Critical to the Court's conclusion in *Jenkins* that the children did *not* have to comply with the proof of paternity provisions was language in the code section that the requirements applied only to "the settlement of [a]

decedent's estate." *Id.* at 35, 661 S.E.2d at 486. The Court explained that the proof of paternity requirements "do not apply to the determination of heirs to . . . real property passing by intestate succession." *Id.* at 35, 661 S.E.2d at 486. Instead, the title to the property at issue in *Jenkins* passed at the moment of the father's death, in accordance with the law of intestate succession. *Id.* at 35, 661 S.E.2d at 486. Therefore, the proof of paternity requirements of Va. Code § 64.1-5.1(4) were not applicable to the children's claim to the property of their deceased father. *Id.* at 35, 661 S.E.2d at 486.

The Defendants in this case correctly point out that, in 2009, the Virginia legislature amended Va. Code § 64.1-5.1(4) by removing "in the settlement of any decedent's estate" from the statute. The Defendants further point out that in the legislative history accompanying the 2009 amendments, it is explicitly clear that the legislature amended Va. Code § 64.1-5.1(4) in response to the Court's decision in *Jenkins*.

Nevertheless, absent a clear legislative intent to the contrary, a statute is always to be construed to operate prospectively. *See Berner v. Mills*, 265 Va. 408, 413, 579 S.E.2d 159, 161 (2003); *see also* Va. Code Ann. § 1-239. I find no evidence to support the Defendants' contention that the legislature intended the 2009 amendment to Va. Code § 64.1-5.1(4) to have retroactive effect. Therefore, consistent with the Court's holding in *Jenkins v. Johnson*, the Plaintiff in this case is not bound by the proof of paternity requirements of Va. Code § 64.1-5.1(4).

B. *The DNA Testing Documentation Is a "Birth Record" under Va. Code § 64.1-5.1(4)(i)*

The proof of paternity requirements of Va. Code § 64.1-5.1(4) mandate that a child who is making a claim to property based on an alleged relationship with a deceased parent must, within one year of the parent's death, file in the clerk's office where the property is located an affidavit alleging parenthood as well as file an action in an appropriate circuit court seeking a determination of the parenthood claim. However, Va. Code § 64.1-5.1(4)(i) states that the one year limitation period is *not* applicable:

> [W]here the relationship between the child born out of wedlock and the parent in question is (i) established by a birth record prepared upon information given by or at the request of such parent. . . .

In this case, the Plaintiff has attached as Exhibit 3 to her Complaint a paternity evaluation report based on a DNA analysis performed by Laboratory Corporation of America ("Labcorp") on or about January 29, 2002. From that report, it is clear that on or about January 18, 2002, Donald Senior went to a Labcorp facility in Roanoke, allowed his photograph to

be taken as part of the evaluation process, signed the applicable Labcorp documentation, affixed his thumb print to the documentation, and provided a DNA sample. From the report, it is not clear in what form Labcorp obtained the DNA sample, but it is clear from the report that Labcorp obtained a DNA sample from the Plaintiff, her mother, and Donald Senior. Though not relevant to the precise issue before me, Labcorp reported that Donald Senior's probability of paternity is 99.99%.

At my request, counsel have researched and briefed whether this DNA testing documentation is a "birth record" as contemplated by Va. Code § 64.1-5.1(4)(i). Counsel report that they cannot locate authority that addresses the issue, but I am satisfied that the documentation is a birth record that "excepts" the Plaintiff from the one-year limitation period.

Va. Code § 64.1-5.1(4) contains three exceptions to the one year limitation period that otherwise governs when a child is required to comply with the proof of paternity requirements. The first exception is if paternity has been established by a birth record prepared based on information provided by the purported parent. The second exception is where the purported parent has admitted parenthood in court or in a writing under oath. The third exception is where there has been a previous proceeding establishing parenthood under Va. Code § 20-49.1.

A central theme of each of the above exceptions is that the alleged parent has notice that a child is claiming paternity and that the alleged parent is a participant in the process that is attempting to establish paternity.

In this case, Donald Senior signed the Labcorp DNA testing documentation, allowed his photograph to be taken as part of the process, affixed his thumb print to the documentation, and provided a DNA sample. Under the circumstances, I have no trouble concluding that Donald Senior had actual notice that the Plaintiff was claiming paternity; I also have no trouble concluding that he was an active participant in the process that was attempting to establish his paternity.

Accordingly, I find that the DNA testing documentation in this case is a birth record that was prepared upon information given by Donald Senior as contemplated by Va. Code § 64.1-5.1(4)(i). I thus find that the Plaintiff is "excepted" from the proof of paternity requirements of Va. Code § 64.1-5.1(4).