PRESENT:  All the Justices

THOMAS RALEY

v. Record No. 122069

OPINION BY
JUSTICE S. BERNARD GOODWYN
September 12, 2013

NAIMEER HAIDER, ET AL.


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Jan L. Brodie, Judge

In this appeal, we consider whether the circuit court erred in sustaining the defendants' demurrer and dismissing plaintiff's entire case based on res judicata.

Background

In 2008 and 2009, Thomas J. Raley, M.D. (Raley) was employed by Minimally Invasive Spine Institute, PLLC (MISI), a medical practice owned and managed by Naimeer Haider, M.D. (Haider).  Raley claimed MISI had failed to pay him all the money he earned and filed suit (the original case) in the Circuit Court of Fairfax County in 2010.  After amendment of the complaint, Raley alleged, in pertinent part, breach of contract (Count I) and breach of implied contract (Count III) against MISI.  In Count II, Raley sued MISI as well as Haider, individually, alleging that Haider wrongfully distributed money from MISI to himself, depleting MISI of funds in violation of Code § 13.1-1035, which governs distributions made by Virginia limited liability companies.

MISI and Haider filed a demurrer to Count II, arguing that Code § 13.1-1035 only allowed the LLC itself or a member of the LLC to bring an action pursuant to that statute. The circuit court agreed that Raley, who was not a member of MISI, could not bring a cause of action pursuant to Code § 13.1-1035, and sustained the demurrer. It dismissed Raley's Count II claim against MISI and Haider with prejudice. The case proceeded against MISI on the other counts, and Raley was awarded a judgment for $395,428.70 plus interest against MISI.

Raley has been unable to collect the judgment he was awarded against MISI and filed a garnishment proceeding on March 22, 2012, in the Circuit Court of Fairfax County, naming Haider as the garnishee, in essence, asserting the rights of MISI for Haider's alleged violation of Code § 13.1-1035. Additionally, on May 24, 2012, Raley filed a complaint in the Circuit Court of Fairfax County against Haider, Minimally Invasive Pain Institute, PLLC (MIPI) and Wise, LLC (Wise). In Count I of the complaint, Raley sought, as MISI's judgment creditor, to enforce MISI's rights against Haider regarding money Haider wrongfully transferred to himself from MISI. In Counts II through VIII, Raley alleged that Haider ordered improper transfers from MISI to MIPI and Wise, as well as to himself, essentially "looting" MISI and preventing the payment of Raley's judgment. Because both claims essentially sought to

2

assert rights of MISI for violation of Code § 13.1-1305, the parties agreed to a consolidation of the garnishment action with Count I of the complaint (the garnishment and complaint are collectively referred to as "the consolidated action").

Haider, MIPI and Wise filed a demurrer, plea in bar and motion for a bill of particulars. The circuit court sustained the defendants' demurrer as to all counts, ruling that based upon the circuit court's dismissal with prejudice of Count II of the original case brought by Raley against MISI and Haider, res judicata barred all subsequent claims regarding funds Raley alleged to have been improperly transferred by Haider out of MISI.

This Court granted an appeal on the following assignments of error:

> 1. The circuit court erred in granting the demurrer of all defendants to all counts of the Complaint, and to the Garnishment Summons that had been consolidated into Count I of the Complaint, on grounds of res judicata.
>
> 2. The circuit court erred in granting the demurrer of all defendants to plaintiff's garnishment action (which had been consolidated into Count I of the Complaint) on grounds of res judicata.
>
> 3. The circuit court erred in granting the demurrer of defendant Haider to the new causes of action set forth in Counts II through VIII, inclusive, of the Complaint.
>
> 4. The circuit court erred in granting the demurrer of defendants Minimally Invasive Pain Institute, PLLC and Wise, LLC to the new causes of

3

action set forth in Counts II through VIII, inclusive, of the Complaint.

## Analysis

Raley argues that his consolidated action was not barred by res judicata because the circuit court's dismissal of Count II in the original case was based on Raley's lack of standing to sue, a jurisdictional determination, and did not reach the merits of Haider's and MISI's liability. Thus, Raley contends that the dismissal with prejudice of Count II of the original case was not decided on the merits, and therefore cannot be the basis for an assertion of res judicata. Haider, MISI and Wise respond that Raley waived this argument pursuant to Rule 5:25 because he never articulated it to the circuit court.

We agree with Haider. A review of the record indicates that Raley did not articulate to the circuit court the argument that the dismissal with prejudice of Count II of the original case was not a final judgment on the merits for res judicata purposes. Because Raley raises this argument for the first time on appeal, we will not consider it. Rule 5:25. Thus, the dismissal with prejudice of Count II in the original case will be considered as a final judgment on the merits. See Trustees v. Taylor & Parrish, Inc., 249 Va. 144, 154, 452 S.E.2d 847, 852 (1995) (Where a party "did not object or assign error to [the circuit court's] ruling, it . . . become[s] the law of the

4

case.") (citation omitted).  Consequently, the circuit court properly considered the res judicata effect of the dismissal with prejudice in the original case.  Rule 1:6(a); see Virginia Concrete Co. v. Board of Supervisors, 197 Va. 821, 825, 91 S.E.2d 415, 418 (1956) ("[A]s a general proposition[,] a judgment of dismissal which expressly provides that it is 'with prejudice' operates as res judicata and is as conclusive of the rights of the parties as if the suit had been prosecuted to a final disposition adverse to the plaintiff.") (citations omitted).  Accord Shutler v. Augusta Health Care for Women, P.L.C., 272 Va. 87, 92-93, 630 S.E.2d 313, 315 (2006); Reed v. Liverman, 250 Va. 97, 100, 458 S.E.2d 446, 447 (1995).

Alternatively, Raley claims that, in Count I and the garnishment proceeding, he asserts a claim belonging to MISI against Haider and such a claim would not be barred by res judicata because there is no identity of parties.  He also asserts that res judicata would not bar any claims against MIPI and Wise in that neither entity was involved in the previous litigation.

In the Commonwealth, Rule 1:6 governs the doctrine of res judicata.

> A party whose claim for relief arising from
> identified conduct, a transaction, or an occurrence,
> is decided on the merits by a final judgment, shall
> be forever barred from prosecuting any second or
> subsequent civil action against the same opposing

5

> party or parties on any claim or cause of action that arises from that same conduct, transaction or occurrence, whether or not the legal theory or rights asserted in the second or subsequent action were raised in the prior lawsuit . . . .

Rule 1:6(a). Furthermore, "[t]he law of privity as heretofore articulated in case law in the Commonwealth of Virginia is unaffected by this Rule and remains intact. For purposes of this Rule, party or parties shall include all named parties and those in privity." Rule 1:6(d).

> One of the fundamental prerequisites to the application of the doctrine of res judicata is that there must be an identity of parties between the present suit and the prior litigation asserted as a bar. A party to the present suit, to be barred by the doctrine, must have been a party to the prior litigation, or represented by another so identified in interest with him that he represents the same legal right.

Leeman v. Troutman Builds, Inc., 260 Va. 202, 206, 530 S.E.2d 909, 911 (2000) (citation omitted).

A garnishment action "effectively is a proceeding by the judgment debtor in the name of the judgment creditor against the garnishee. The judgment creditor stands on no higher ground than the judgment debtor and can have no right greater than the judgment debtor possesses." Hartzell Fan, Inc. v. Waco, Inc., 256 Va. 294, 299, 505 S.E.2d 196, 200 (1998) (citations omitted). The garnishment filed by Raley, and Count I of the complaint with which it was consolidated, is effectively a proceeding by MISI (the judgment debtor) in the

6

name of the judgment creditor (Raley) against Haider (the garnishee).

In the garnishment action and Count I of the consolidated action, Raley steps into the shoes of MISI. In effect, MISI is suing Haider. See id. In the original case, Raley was suing Haider. Thus, the same parties are not in opposition in the original case and the consolidated action, and the defense of res judicata is not a bar to the garnishment and Count I claims against Haider. See Gunter v. Martin, 281 Va. 642, 646, 708 S.E.2d 875, 877 (2011) ("[T]he failure to establish any one element is fatal to the plea of res judicata.") (citations omitted).

Portions of Counts II through VIII in the consolidated action also allege claims by Raley against Haider, specifically that Haider unlawfully conveyed MISI's assets to himself and others. The "same opposing party or parties" are involved in Count II of the original case and Counts II through VIII of the consolidated action, to the extent these counts pertain to Haider. See Rule 1:6(a).

In Count II of the original case, which was dismissed with prejudice, Raley alleged that "Haider made distributions to himself, [thereby] depleting MISI of funds." The current Counts II through VIII that pertain to Haider arise from the same "conduct, transaction, or occurrence." Rule 1:6(a). Res

7

judicata requires that the two actions involve the same definable factual transaction. See Martin-Bangura v. Commonwealth Dep't of Mental Health, 640 F.Supp.2d 729, 739 (E.D. Va. 2009) (applying Virginia law and stating:  "The conduct, occurrence, or transaction complained of in the state grievance was plaintiff's receipt of a . . . written notice and his subsequent termination from NVTC.  Likewise, the very same transaction, his termination from NVTC, underlies plaintiff's federal Title VII claim at issue here.  As Rule 1:6 makes clear, plaintiff is precluded here from asserting any claims he had concerning his termination from NVTC.").

Thus, as concerns the actions by Raley against Haider individually, the same opposing parties involved in the original case are involved in Counts II through VIII of the consolidated action, and the claims arise from the same conduct, transaction, or occurrence. See Rule 1:6(a).  It is the law of the case that Count II in the original case was adjudicated on the merits by a final judgment.  Therefore, the prerequisites to the application of the doctrine of res judicata are satisfied, and res judicata bars the relitigation of Counts II through VIII in the consolidated action against Haider individually.  The circuit court did not err in finding that the claims against Haider in Counts II through VIII were barred by res judicata.

Wise and MIPI were not parties in the original case. Res judicata, therefore, may only apply as a bar to the claims against them if Wise and MIPI were in privity with Haider or MISI in the original case.

"The touchstone of privity for purposes of res judicata is that a party's interest is so identical with another that representation by one party is representation of the other's legal right." State Water Control Bd. v. Smithfield Foods, Inc., 261 Va. 209, 214, 542 S.E.2d 766, 769 (2001) (citations omitted). "It is merely a word used to say that the relationship between the one who is a party on the record and another is close enough to include that other within the res judicata. Thus, privity centers on the closeness of the relationship in question." Weinberger v. Tucker, 510 F.3d 486, 492-93 (4th Cir. 2007) (stating that under Fourth Circuit and Virginia decisions, the test for privity is the same) (citation omitted). As such, "[t]here is no single fixed definition of privity for purposes of res judicata. Whether privity exists is determined on a case by case examination of the relationship and interests of the parties." Smithfield Foods, 261 Va. at 214, 542 S.E.2d at 769; see also Columbia Gas Transmission, LLC v. David N. Martin Revocable Trust, 833 F.Supp.2d 552, 558 (E.D. Va. 2011) ("Virginia courts typically find privity when the parties share a contractual relationship, owe some kind of

legal duty to each other, or have another legal relationship such as co-ownership.").

Although Haider is associated with them, Wise and MIPI are separate legal entities from Haider, which indicates that their interests may not be the same. See Code § 13.1-1000 et seq.; Gowin v. Granite Depot, LLC, 272 Va. 246, 254, 634 S.E.2d 714, 719 (2006) ("A limited liability company is an entity that, like a corporation, shields its members from personal liability based on actions of the entity."); Cheatle v. Rudd's Swimming Pool Supply Co., 234 Va. 207, 212, 360 S.E.2d 828, 831 (1987) ("The proposition is elementary that a corporation is a legal entity entirely separate and distinct from the shareholders or members who compose it. This immunity of stockholders is a basic provision of statutory and common law and supports a vital economic policy underlying the whole corporate concept.") (citation omitted).

In the present case, MIPI and Wise do not share an identity of interest with Haider or MISI. In the first suit, Haider was accused of wrongfully distributing MISI's assets to himself. Wise and MIPI have no contractual duty or legal interest in this accusation. They only have an interest in the assets of MISI that they are alleged to possess. Moreover, neither MISI nor Haider represented Wise's and MIPI's interests in the first suit. Whether the circuit court found in MISI's

or Haider's or Raley's favor, the result was of no consequence to Wise and MIPI because no effect of the judgment would reach them; none of their rights or concerns were adjudicated.

Because MISI and Haider did not represent MIPI's and Wise's interests in the first suit, MIPI and Wise were not in privity with MISI or Haider. See Smithfield Foods, 261 Va. at 216, 542 S.E.2d at 770. Without MIPI and Wise being privies of MISI and Haider or an opposing party of Raley in the first suit, the same opposing parties requirement of Rule 1:6(a) is not met. Res judicata does not bar Raley's claims against Wise and MIPI. See Gunter, 281 Va. at 646, 708 S.E.2d at 877.

## Conclusion

The circuit court erred in holding that res judicata bars Raley's claims against MIPI and Wise and Raley's Count I and garnishment claims against Haider. The circuit court, however, did not err in holding that res judicata bars the claims brought against Haider in Counts II through VIII of the May 24, 2012 complaint.

Accordingly, for the reasons stated above, we will affirm the judgment of the circuit court in part, reverse in part, and remand this case for further proceedings consistent with this opinion.

                                        Affirmed in part,
                                        reversed in part,
                                        and remanded.

11